No. 11,025.

EZELL *v.* ROCKY MOUNTAIN BEAN AND ELEVATOR CO.

Decided January 5, 1925.

Action for damages for breach of contract. Judgment for defendant.

### *Affirmed.*

1. PUBLIC POLICY—*Legislative Question—Arbitration.* Questions of public policy are primarily legislative, and where the legislature has provided a method of arbitration, objection that arbitration ousts the courts of jurisdiction, is without merit.

2.  ARBITRATION—*Common Law—Statutory.* The only material dif-
    ference between common law and statutory arbitration is that
    in a common law arbitration, suit must be brought on the
    award, whereas in a statutory arbitration, the award is filed
    with the clerk of the court and execution issued thereon.

3.      *Legal Action.* Where a party contracts to submit to arbi-
    tration certain questions which might arise in his dealings
    with another, he is bound by the contract, and a court action
    to settle such disputed questions, held properly dismissed.

*Error to the District Court of Las Animas County, Hon.
A. F. Hollenbeck, Judge.*

Mr. FRANK H. HALL, for plaintiff in error.

Messrs. McHENDRIE & SHATTUCK, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as below
and we hereinafter so refer to them. Plaintiff bought
beans of defendant which the latter failed to deliver.
Thereupon this action was brought for damages in the sum
of $4,800, the advance in price. At the close of plaintiff's
evidence defendant's motion for nonsuit was sustained, and
judgment entered accordingly. To review that judgment
plaintiff prosecutes this writ.

The contracts of purchase and sale were in writing and
each provided, among other things: "Any dispute arising
under this contract to be settled by arbitration. * * *
Failure of seller to ship or buyer to accept shall be con-
sidered a dispute to be settled by arbitration * * *. In
the event of failure of seller to ship within specified time,
* * * except for causes already provided for in this con-
tract, it shall be considered as a dispute to be submitted to
and settled by arbitration."

These contracts further specified the arbitrators, etc.,
and provided that in the event of the failure of either party
to comply with the award within ten days the other might

maintain a court action to enforce it. One of the defenses set out in the answer was the arbitration agreement and plaintiff's failure to comply therewith. Such failure was denied by the reply, but established by the evidence and is now admitted.

Plaintiff's position is that the contract required all disputes arising under it, of law as well as of fact, to be submitted to arbitration, and that such contracts are void as against public policy because they are attempts to oust the courts of jurisdiction. Defendant contends, first, that such is not the modern law of arbitration; second, that read as a whole the contract amounted to nothing more than an agreement to arbitrate disputed questions of fact; third, that the questions here in dispute—(a) Did the seller fail to ship according to contract? (b) If so, in what sum was the purchaser damaged?—are questions of fact.

There is much conflict in the authorities on this subject and we do not feel called upon to review and attempt to reconcile them. The contention of plaintiff was once supported by the common law. 5 C. J. p. 42, § 68. The reason upon which it was based does not appeal to us. Inasmuch as parties to a dispute may decline to litigate, we see no reason why they may not contract to so refrain, or contract to settle their differences in any other lawful manner. The old common law rule has, however, been much relaxed in modern times. 13 C. J. p. 457, § 398. Moreover, questions of public policy are primarily legislative. 13 C. J. p. 426, § 362. Where the legislature has provided a method of arbitration the objection that such arbitration ousts the courts of jurisdiction is without merit. *Zindorf Const. Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374. Such legislative arbitration has been provided in this state. Chap. 27, p. 161, C. L. 1921.

True, the arbitration here contracted for is common law, not statutory, but, the question of public policy having been thus settled, the only material difference in the two is that in a common law arbitration suit must be brought on the award, whereas in a statutory arbitration the award

is filed in the office of the clerk of the district court and execution is issued thereon. *McClelland v. Hammond,* 12 Colo. App. 82, 54 Pac. 538.

The legislature, having seen fit to authorize an arbitration covering matters of law as well as of fact wherein the award shall have the full force and effect of a judgment of the district court, it would be absurd to say that any consideration of public policy forbids a common law arbitration incidentally involving the determination of a question of law because such an award would oust the established judicial tribunals of their jurisdiction.

While the question here at issue seems never to have been heretofore directly passed upon in this state, the foregoing conclusion is certainly in harmony with such expressions on the subject as are to be found in the adjudicated cases. "Arbitration is favored by the law as a convenient mode of adjusting disputes. Parties having selected their own judges, as a general rule should be bound by the result." *Wilson v. Wilson,* 18 Colo. 615, 620, 34 Pac. 175, 177.

On the same page, Mr. Chief Justice Hayt, who delivered the opinion of the court, quotes with approval the following language of Shaw, C. J., in *Boston Water Power Co. v. Gray,* 6 Metc. (Mass.) 131, 165: "Their (the arbitrators) decision upon matters of fact and law, thus acting within the scope of their authority, is conclusive, upon the same principle that a final judgment of a court of last resort is conclusive; * * *."

Again at page 622 of the opinion in the Wilson Case Chief Justice Hayt speaks of "the rules governing awards under the common law in cases where all questions of law or fact are submitted."

Again: "Where parties to a contract designate a party who is authorized to determine questions relating to its execution, and stipulate that his determination shall be final and conclusive, both parties are conclusively bound by his determination of those matters." *Empson P. Co. v. Clawson,* 43 Colo. 188, 192, 95 Pac. 546.

It therefore seems clear to us that, irrespective of the law in other jurisdictions, we have in Colorado both a statutory and common law arbitration, that the former has settled the question of public policy, and that the only material difference remaining is that the award in one must be sued on, whereas in the other it becomes, when recorded, a final judgment.

It is therefore apparent that this plaintiff having contracted to submit to arbitration the identical questions at issue in this cause, was bound by that contract and the nonsuit was properly entered.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.