No. 18,378.

Myer Koscove, et al. *v.* Paul Peacock.
(317 P. [2d] 332)

Decided November 4, 1957.

Messrs. Seavy & Seavy, for plaintiffs in error.

Mr. Floyd K. Murr, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Plaintiffs in error, the Koscoves, are referred to as lessors and defendant in error Peacock as lessee.

Lessors, as owners of approximately 1,840 acres of agricultural and grazing land in Huerfano county, on January 13, 1952, entered into a lease of this property for a term of five years with the lessee, which lease included the water rights appertaining thereto and personal property therein listed and enumerated for use in connection therewith.

The lease provided, inter alia, that in the event of differences between the parties, "and if an agreement cannot be had and reached between the interested parties, then the matter shall be referred to a board of arbitrators consisting of three members, one selected by the lessors, or their representatives or assigns, and the other by the said lessee, or his representative or assign, and the two to select the third member of said Board. In this connection it is agreed and understood that if any dispute arises between the said lessors and the said lessee, and which cannot be amicably settled between the said parties, then the same shall be referred to said board of arbitrators, as hereinabove provided."

Differences did arise between the parties in the early part of 1956, and the lessee notified lessors of his desire for an arbitration as provided in the hereinbefore quoted provision of the lease. This was agreed to by the lessors; arbitrators were selected, who held hearings; and on March 14, 1956, entered an award which was docketed in the district court of Huerfano county on April 7, 1956. The lessors moved the court to strike the arbitration award on the grounds, (a) that the arbitration as provided for in the lease is a common law arbitration; and (b) compliance with the provisions of Rule 109, R.C.P., Colo., was a condition precedent to the docketing of said award in the district court.

This motion was heard May 3, 1957, at which time the trial court called for testimony and one of the arbitrators was called, over the objection of the lessors, and testified as to the conversations had with the lessors. After such hearing, the court ruled that there was a compliance of

the provisions of Rule 109, R.C.P., Colo., and that execution issue upon the award. Subdivisions (b) and (g) of Rule 109, R.C.P., Colo. are as follows:

"(b) The parties before they make their submissions, shall execute a written agreement that they will submit all matters, or some particular matter of difference, to the arbitrator named therein, and will abide the award, and that the award may be filed with the clerk of the district court, as a basis of a judgment, and that an execution may be issued for its collection."

"(g) Whenever it shall appear in any action that the subject matter of such action, or proceeding, or any part thereof, has been submitted to and decided by arbitrators, according to the terms of this rule, such matter so arbitrated shall be held to have been adjudicated and settled, and not open, either directly or indirectly, for review; but this shall not be construed to prevent any adjudication by arbitrators from being impeached and set aside for fraud or other sufficient cause, the same as a judgment of a court of record, nor to prohibit relief on the ground of mistake, inadvertence, surprise or excusable neglect, as in case of other judgments, orders or proceedings of the court."

It is generally held that when submission of arbitration matters is made under the statute, it must conform to the statute in every respect and a deviation therefrom negates the procedure.

Exactitude in this instance required that the real arbitration be in writing; however, this provision may be obviated when there is an oral agreement to abide by the terms. In this instance there was no written agreement and no showing that the lessor agreed that the award could be filed with the court as a basis of a judgment.

Adhering to the rule in *Ezell v. Rocky Mountain Bean and Elevator Co.*, 76 Colo. 409, 232 Pac. 680, we determine that the arbitration herein had was a common-law arbitration and that being the case, suit must

be brought on the award. This procedure was not followed in the case at hand, because the award was filed in the district court and was then used as a basis for the issuance of an execution. Execution should only follow as a judgment in a suit or action on the award.

These errors being apparent, the ruling and judgment of the trial court is reversed and the cause remanded with instructions to strike the award from the files.

Mr. Justice Knauss not participating.