No. 19,221.

CENTENNIAL PROPERTIES, INC. v.
LEONARD ROY, ET AL.
(361 P. [2d] 444)

Decided April 24, 1961.

Messrs. GALLIGAN AND FOLEY, for plaintiff in error.

Mr. MARTIN P. MILLER, Mrs. PATRICIA W. WOTKYNS, for defendant in error Leonard Roy.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error was plaintiff in the trial court. We will refer to it as Centennial and to the other parties by name.

Centennial brought suit in the district court of Arapahoe County under Rule 105, Colo. R.C.P., by complaint seeking possession of real estate leased to Roy and Quelland, alleging violation of the covenants of the lease with resultant termination thereof and the right of plaintiff to possession. Quelland acknowledged service, but did not appear. Defendant Roy moved to dismiss the complaint on the ground that one paragraph in the lease provided for arbitration between the parties as a condition precedent to litigation. The motion was granted by the trial court and a final judgment of dismissal entered.

## SOLE QUESTION TO BE DETERMINED.

*Where lease of realty is terminated pursuant to its terms for violation of the covenants thereof, does arbitration provision relating to disputes involving construction thereof operate as a condition precedent to litigation?*

The question is answered in the negative.

Paragraph 17 of the lease reads as follows:

"In the event of any *dispute or difference* as between the parties either as to the *terms or construction* of this Lease and Agreement or *as to the operations of the lessees to be conducted hereunder,* then and in any such event and as a condition precedent to litigation * * * the matter shall be referred to arbitration * * *." (Emphasis supplied.)

The action involves termination of the lease pursuant to its terms, and if legally terminated relieves both parties from any of the obligations, terms and conditions of the lease. As a consequence, if the lease is no longer a binding obligation, no part of it would have any force and effect.

The arbitration clause embraces only disputes relating to construction of the instrument and operation of the property, and is not so broad as to compel submission to arbitration of questions of violation of the terms and conditions, for which the lessor is entitled to declare a forfeiture or termination of the lease.

A general principle of law applicable here is to be found in 6 C.J.S., p. 170, as follows:

"An arbitration clause will not be construed as ousting the courts of jurisdiction, unless such construction is inevitable, so that in order to prevent resort to the courts the contract must not only provide for an arbitration but either expressly or by clear implication make such arbitration a condition precedent to the right of action, and if this is not done the arbitration provision will be construed as merely a collateral and independent matter

which cannot be pleaded in bar to an action on the principal contract.

"As already suggested, the intention to make the arbitration a condition precedent to the right of action may be either express or implied; but the implication, if an implied condition is relied on, must be so plain that a contrary intention cannot be supposed. * * * "

■ A reading of the arbitration provision of this lease discloses no express provision for its operation as a condition precedent to an action for possession following termination for breach of the covenants of the lease, and there is nothing in the language used from which such intention can be implied.

The issue presented by the complaint is whether the alleged defaults in the terms of the lease are such as to authorize termination thereof by the plaintiff.

The judgment is reversed and the cause remanded with directions to reinstate the complaint and require the defendant to answer or otherwise plead thereto.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.