No. 24187.

JOHN H. ZAHN AND ROSE MARIE ZAHN *v.* THE DISTRICT COURT IN AND FOR THE COUNTY OF WELD, IN THE NINE-TEENTH JUDICIAL DISTRICT, STATE OF COLORADO, AND THE HONORABLE HUGH H. ARNOLD, ONE OF THE JUDGES THEREOF, AND ALVIN A. STARCK AND LAWRENCE W. STARCK, D/B/A STARCK BROS. CONSTRUCTION CO.

(457 P.2d 387)

Decided July 22, 1969.

WILLIAM L. WEST, for petitioners.

JOHN PERROTT, for respondents Alvin A. Starck and Lawrence W. Starck, d/b/a Starck Bros. Construction Co.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS proceeding is brought pursuant to R.C.P. Colo. 116 by which petitioners seek relief in the nature of mandamus against respondents.

Petitioners, John H. Zahn and Rose Marie Zahn, were plaintiffs in the trial court and by their complaint against defendants, Alvin A. Starck and Lawrence A. Starck, doing business as Starck Bros. Construction Co., sought damages for breach of a construction contract.

Plaintiffs' complaint against defendants is based upon the alleged unskillful and negligent construction of a house by defendants for plaintiffs, contrary to plans and specifications and in violation of applicable laws, regulations and building codes. The complaint specifies 64 separate deficiencies in the construction, which will require the expenditure of $10,500 to correct, for which sum plaintiffs pray damages from defendants.

Defendants filed their motion to dismiss or, in the alternative, to stay all proceedings in the trial court, upon the grounds that plaintiffs had refused to comply with an arbitration clause contained in the written construction contract between the parties, although defendants were ready, willing and able to arbitrate any

and all disputes arising under the contract. The arbitration clause provided as follows:

"All cases of dispute shall be submitted to a board of arbitration consisting of three, one named by each party and the third by the first two. The decision of any two shall be binding upon all parties to the dispute."

The trial court denied the motion to dismiss. However, the court granted the motion to stay proceedings in the trial court until an arbitration was had in accordance with the terms of the arbitration clause in the agreement.

Petitioners seek relief here to compel the trial court to vacate its order staying the trial proceedings, and to require the defendants to answer or otherwise plead to the merits of plaintiffs' complaint and to proceed to trial of the case on its merits. In response to this court's rule to show cause, respondents urge this court to determine the merits of the petition for relief from the findings and order of the trial court staying the proceedings below.

The single question presented for determination by this court is whether the arbitration clause in the construction agreement requires submission of the disputed matters, which are the basis of plaintiffs' complaint for damages, to a board of arbitration as a condition precedent to plaintiffs' right to proceed against defendants on their claim of breach of contract.

The identical problem was presented to this court in *Ezell v. Rocky Mountain Bean and Elevator Co.*, 76 Colo. 409, 232 P. 680, which we deem controlling here. In *Ezell* the court, after summarizing the principles of arbitration in Colorado, concluded:

"It is therefore apparent that this plaintiff having contracted to submit to arbitration the identical questions at issue in this cause, was bound by that contract and the nonsuit was properly entered."

We hold that the arbitration clause in the instant case, being clear and unambiguous in its terms, requires the contracting parties — in the absence of matters such

as waiver and estoppel (which have not been raised in the record here before us) — to submit to arbitration the disputed items arising out of the performance of the construction contract which are the subject matter of the present action. The order of the trial court staying the proceeding was correct.

The rule is discharged.

MR. JUSTICE HODGES not participating.