490 P.2d 78 (1971)
Leonard LOUKONEN and Reino Loukonen, Plaintiffs in Error,
v.
David J. MacKAY and Robert J. Campbell, Defendants in Error.
No. 71-253. (Supreme Court No. 24052.)
Colorado Court of Appeals, Div. I.
September 8, 1971.
Rehearing Denied September 28, 1971.
*79 Bell & Beeler, Clayton W. Bell, Paul A. Morris, Boulder, for plaintiffs in error.
Harry M. Williams, Denver, for defendants in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties are before us in reverse of their trial court positions. We shall refer to them by their trial court designations or by name.
Plaintiffs initially instituted this action seeking specific performance of a certain option agreement granting plaintiffs the right, under certain conditions, to purchase land from defendants. After the commencement of the action, and through the use of numerous amendments to the complaint and answer, the plaintiffs, in effect, withdrew their claim for specific performance of the option contract and asserted essentially two claims for relief for damage awards, which claims were based upon two separate contracts executed by the defendants. One contract claim was based upon the referred to option agreement, and the other was based upon a document titled as a "Manager's Contract."
The trial court disposed of the present action by entering summary judgments. First, the trial court granted a summary judgment in favor of the plaintiff MacKay, which was based upon his claim for a commission under the Manager's Contract, and it is this judgment which the defendants appeal here. The trial court also granted a summary judgment in favor of the defendants insofar as the plaintiffs' claim for damages under the option contract was concerned, and against this judgment the plaintiffs have cross-appealed.

I.
We first consider that judgment relating to the option agreement. Under the terms of the option agreement, the defendants granted plaintiffs, for a period of 90 days, the exclusive right to purchase the real property involved. This right was expressly conditioned upon plaintiffs' obtaining a commitment for a loan in the amount *80 of at least $500,000 within the 90-day term of the option agreement.
Plaintiffs contend that, since there was before the trial court at the time of their motion for summary judgment unchallenged written evidence in the form of a letter constituting a loan commitment in favor of the plaintiffs and in the amount of $500,000, this evidence established satisfaction of the option condition.
However, the terms of the letter in question as a matter of law do not meet the conditions of the option agreement. To the contrary, the letter only specifies that the loan broker who wrote the letter had secured certain casualty insurance companies to provide a guaranty for a loan in the amount of $500,000. The letter further advises that such a guaranty usually results in the granting of a loan. Moreover, the letter in question states that even the agreement to guaranty is contingent upon inspection of the properties which would be involved in the loan.
Plaintiffs rely exclusively upon this letter in support of their contention that the loan commitment condition of the option had been satisfied, and there is no contention made by them that upon trial of the matter their position with respect to meeting this condition of the option would be different from what it was at the time of the hearing on the motion for summary judgment. It is, therefore, obvious that a threshold condition which was vital to the plaintiffs' right to pursue their claim for relief under the option had not been satisfied, and the trial court was correct in granting the defendants summary judgment against such claim. Field v. Sisters of Mercy, 126 Colo. 1, 245 P.2d 1167.

II.
The Manager's Contract involved here was an agreement executed by the Loukonens and MacKay. It related to the same real property as that which was committed to the option contract, and provided, in part, that if any or all of such property was sold there would be paid to MacKay 10% of the gross sales price as a "commission." In his claim for relief under this contract, MacKay contended that a sale of the property had occurred as the result of a contract involving the Loukonens and persons named Hinkle and Walker, who are not parties to this action. This contract, which we shall refer to as the "Hinkle-Walker" contract, provided for the dismissal of certain litigation between the Loukonens and Hinkle and Walker; and, although certain of its terms provided for the transfer of title to the real property which is involved in the present action, it also contained extensive provisions concerning the adjustment of stock ownership rights between the Loukonens and Hinkle and Walker in corporations which were either existing or which were to be created.
Defendants assert numerous grounds of error with respect to the summary judgment which the trial court entered in favor of the plaintiffs pursuant to their claim for relief for damages resulting from the defendants' alleged breach of MacKay's Manager's Contract. Principally, their contentions center upon the propriety of the trial court's viewing the Hinkle-Walker contract as conclusive evidence that a sale of the subject real property had occurred.
Dispositive of this appeal, however, is the defendants' contention raised at trial and again raised here that the claim which the plaintiffs assert constitutes a controversy or claim arising out of or relating to the Manager's Contract, and that consequently it must be first submitted to arbitration. The Manager's Contract contains the following provision relating to arbitration:
"12. Arbitration
"Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction thereof."
*81 Our Supreme Court has specifically held that parties contracting to resolve disputes by arbitration are bound by their agreement. Zahn v. District Court, 169 Colo. 405, 457 P.2d 387; Ezell v. Rocky Mountain Bean & Elevator Co., 76 Colo. 409, 232 P. 680. Upon determination of factual disputes through arbitration the power of the courts can then be invoked if enforcement becomes necessary. Koscove v. Peacock, 136 Colo. 371, 317 P.2d 332.
The essence of plaintiffs' claim for relief under the Manager's Contract is that a sale of the real property subject to that contract had occurred, and that as a consequence he was entitled to a commission based upon the gross sales price received pursuant to such sale. In response to such contentions by the plaintiffs, the defendants asserted that the transaction represented by the Hinkle-Walker contract was not a sale within the terms and meaning of the Manager's Contract, but rather was a rescission of an earlier conveyance by which the defendants had acquired title to the subject property, coupled with agreements relating to corporate reorganization. There was thus framed a basic controversy, namely: Whether a sale of real property had or had not occurred.
We hold that such controversy was one falling within the scope of the general arbitration clause in the Manager's Contract, and that under the terms of that clause it should have been submitted to arbitration prior to the time any judicial relief was sought. No contention was made that arbitration had been waived, and hence arbitration was a condition precedent to the trial court's jurisdiction. Zahn v. District Court, supra. For these reasons plaintiffs' complaint as to this claim for relief was subject to summary dismissal, and the trial court's entry of summary judgment in favor of the plaintiffs on such claim was in error.
The judgment of the trial court granting the defendants' motion for summary judgment as to the plaintiffs' claim for relief under the option agreement is hereby affirmed. That portion of the trial court's judgment entering summary judgment for plaintiffs on their claim for relief based upon the Manager's Contract is reversed, and this cause is remanded with the instruction that the trial court dismiss the plaintiffs' complaint without prejudice as to that claim.
SILVERSTEIN, C. J., and PIERCE, J., concur.