539 P.2d 1322 (1975)
Murray WHEELER, Plaintiff-Appellant, and Cross-Appellee,
v.
BOETTCHER & COMPANY, Defendant-Appellee, and Cross-Appellant.
No. 74-570.
Colorado Court of Appeals, Div. II.
August 26, 1975.
*1323 Deisch & Marion, P. C., Michael B. Marion, Denver, for plaintiff-appellant and cross-appellee.
Dawson, Nagel, Sherman & Howard, Arthur K. Underwood, Jr., Charles W. Newcom, Denver, for defendant-appellee and cross-appellant.
Not Selected for Official Publication.
SMITH, Judge.
This is an action for damages based upon plaintiff's allegations that defendant negligently handled plaintiff's investment accounts and that, as a result, plaintiff sustained a loss of $19,881.64. The trial court dismissed plaintiff's claim for damages as premature and ordered arbitration utilizing the American Arbitration Association. Plaintiff appeals that portion of the trial court's judgment dismissing the damage claim and ordering arbitration, and defendant cross-appeals from the judgment requiring that arbitration be conducted by the American Arbitration Association. We affirm in part and reverse in part.
On April 5, 1971, plaintiff opened an account with defendant. At that time plaintiff signed a "customer's Agreement," the construction and interpretation of which present the sole issues upon appeal. The agreement, in pertinent part, provides:
"The undersigned [Plaintiff] agrees, and by carrying an account for the undersigned you [Defendant] agree, that all controversies which may arise between us shall be determined by arbitration, to be held in the City of New York, pursuant to the laws of the State of New York, before the American Arbitration Association and in accordance with its rules then obtaining, or before the New York Stock Exchange and in accordance with its rules then obtaining. The undersigned may elect in the first instance whether arbitration shall be by the American Arbitration Association or by the New York Stock Exchange, but if the undersigned fails to make such election, by registered letter or telegram addressed to you at your main office, before the expiration of five days after receipt of a written request from you to make such election, then you may make such election. Any arbitration shall be before at least three arbitrators and the award of the arbitrators, or of the majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction."
A controversy subsequently arose concerning the manner in which defendant had handled plaintiff's account. Plaintiff complained that defendant negligently handled his account and gave independent and unreasonable advice, all contrary to defendant's own operating manual and various *1324 rules or standards promulgated by the New York Stock Exchange and by the National Association of Securities Dealers. Defendant notified plaintiff of its demand that the controversy be submitted to arbitration pursuant to the agreement. Plaintiff declined to respond to the demand; thereafter defendant expressed its choice to use the arbitration services of the New York Stock Exchange.
Plaintiff first contends that the arbitration clause is void because it purports to require arbitration of disputes which may arise in the future. We disagree. C. R.C.P. 109(a) specifically provides that "All controversies, which may be the subject of a civil action, may be submitted to the decision of one or more arbitrators. . . ." It has long been the rule in Colorado that an agreement to arbitrate is enforceable, and a court action to settle such disputed arbitrable questions has been held to be properly dismissed. Ezell v. Rocky Mountain Bean & Elevator Co., 76 Colo. 409, 232 P. 680; Hart v. Dominion Insurance Co., Ltd., 29 Colo.App. 404, 487 P.2d 826, reversed on other grounds, 178 Colo. 451, 498 P.2d 1138.
Plaintiff cites Centennial Properties v. Roy, 146 Colo. 307, 361 P.2d 444, for the proposition that a contract to arbitrate not only must provide for arbitration but also must, either expressly or by clear implication, make arbitration a condition precedent to the right of action. He argues that this clause fails to do so and then concludes that it is merely a collateral and independent matter which cannot be pleaded as a bar to the present action. However, as indicated in Centennial Properties, supra, the critical element is the breadth of the language contained in the arbitration clause. Here the language "all controversies which may arise between us" clearly encompasses the instant dispute. See Zahn v. District Court, 169 Colo. 405, 457 P.2d 387. Plaintiff's suggestion that the claim is not subject to arbitration because it sounds in tort, rather than contract, is without merit.
Finally, plaintiff argues that Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168, is controlling here because, he asserts, it negates the operation of an arbitration clause where a buyer of securities waives his right to sue in court under the Securities Exchange Act of 1933. This case is inapposite, since plaintiff has not alleged a violation of the federal securities laws. He has alleged only that defendant has violated certain rules of stock exchanges and of the National Association of Securities Dealers. Violations of these rules do not give rise to a right of action under the federal securities laws. Colonial Realty Corp. v. Bache & Co., 358 F.2d 178 (2d Cir.). Furthermore, assuming, arguendo, that a violation of federal law has been alleged, a cause of action for such violation is not within the subject matter jurisdiction of Colorado courts because the Securities Exchange Act of 1934 provides that the federal courts shall have exclusive jurisdiction of violations of the Act or the rules or regulations thereunder. 15 U.S.C. § 78aa.

Cross-Appeal
The agreement gives plaintiff the first choice in selecting whether arbitration shall be before the American Arbitration Association or the New York Stock Exchange. If plaintiff fails to make such an election, then the choice of arbitrators is to be made by defendant. The trial court concluded that the filing of the case had tolled the provisions of the "choice of arbitrator" clause and that plaintiff should now have the right to choose the arbitrator. We disagree. The language in the agreement is clear and unambiguous as to the computation of the five-day period from the receipt by plaintiff of defendant's request for arbitration. Therefore, it must be enforced as written. Aronoff v. Western Federal Savings & Loan Ass'n, 28 Colo.App. 151, 470 P.2d 889. Since plaintiff failed to make an election in the designated time period, the defendant now has the right to do so.
*1325 The portion of the judgment dismissing the claim for damages and ordering arbitration is affirmed and that portion designating the American Arbitration Association as arbitrator is reversed.
Judgment affirmed in part and reversed in part.
ENOCH and KELLY, JJ., concur.