559 P.2d 255 (1976)
Mary Lou WALES, Plaintiff-Appellant and Cross-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant-Appellee and Cross-Appellant.
No. 75-563.
Colorado Court of Appeals, Div. I.
November 18, 1976.
Rehearing Denied December 9, 1976.
Certiorari Denied January 31, 1977.
*256 Carroll & Bradley, Rebecca L. Bradley, John S. Carroll, Denver, for plaintiff-appellant and cross-appellee.
Creamer & Seaman, P. C., James W. Creamer, Jr., Denver, for defendant-appellee and cross-appellant.
Selected for Official Publication.
COYTE, Judge.
Plaintiff seeks recovery under the uninsured motorist provision of her insurance contract with defendant. The trial court found the arbitration and consent to sue clauses of the policy were void and entered judgment in favor of plaintiff for the amount of the policy coverage plus interest from the date of filing her complaint. Plaintiff appeals that portion of the judgment awarding interest, and defendant cross-appeals with respect to the issue of its liability. We reverse the judgment entered against the defendant. Plaintiff's appeal is therefore moot.
In June 1969, the automobile in which plaintiff was a passenger was involved in a three-car collision. Upon initiating an action against the drivers of the other cars, plaintiff discovered that one driver, Suazo, was not insured against her claim. She informed defendant of this fact, requested arbitration pursuant to the terms of her policy and also requested defendant's consent to proceed against the other driver, McTaggart, which request was granted. Despite the parties' attempts to initiate arbitration, no arbitration took place. Neither party, however, alleges the occurrence of a waiver of arbitration. No explanation appears in the record as to why arbitration was not held and both parties at oral argument agreed that subsequent arbitration is not barred by a statute of limitations.
McTaggart's insurer thereafter settled the claim against it in consideration of plaintiff's covenant not to sue. In the trial against Suazo, plaintiff recovered a judgment for $22,350.
Plaintiff subsequently brought this action against defendant alleging that the judgment against Suazo was conclusive as to defendant within the policy limits. Defendant moved to dismiss on the grounds that arbitration was a condition precedent to maintenance of the suit and that it had not consented to the action against Suazo. The trial court determined the clauses pertaining to arbitration and consent to sue were invalid as contrary to public policy and denied the motion. We find the ruling of the trial court to be in error.

I
Both parties contend that the validity of the arbitration clause can be determined only by reference to the public policy of this state as manifested in legislative pronouncements and relevant judicial decisions. We agree. However, we do not agree with the lower court's conclusion that the agreement here is repugnant to the stated aims of the General Assembly. To the contrary, arbitration is recognized as a desirable method of resolving disputes and is to be fostered rather than discouraged.
Plaintiff relies on §§ 10-4-319 and 10-4-320, C.R.S.1973, for the proposition that any provisions in defendant's policy which would restrict plaintiff's access to judicial determination of the damages to *257 which she is "legally entitled" under the uninsured motorist coverage is contrary to the public policy as expressed in the statute. The necessity of protecting innocent victims of financially irresponsible motorists is undoubtedly of concern to the legislature, see § 10-4-320, supra; Morgan v. Farmers Insurance Exchange, 182 Colo. 201, 511 P.2d 902 (1973), but this purpose is not wholly conclusive of the issue here. Statutory provisions should be construed, if possible, so as to avoid unnecessary conflict in their application. McKinley v. Dunn, 141 Colo. 487, 349 P.2d 139 (1960). And, while courts in other jurisdictions have held that insurance policy clauses requiring arbitration of coverage under the uninsured motorist provision cannot be reconciled with statutes requiring protection against uninsured motorists, e. g., Clayton v. Alliance Mutual Casualty Co., 212 Kan. 640, 512 P.2d 507 (1973), we decline to adopt this view in light of the discernible policy supporting arbitration in this state.
The Colorado Constitution provides that it is the duty of the General Assembly "to pass such laws as may be necessary and proper to decide differences by arbitrators. . .." Colo.Const. Art. XVIII, Sec. 3. In upholding a common law arbitration, the Supreme Court observed in Ezell v. Rocky Mountain Bean & Elevator Co., 76 Colo. 409, 232 P. 680 (1925) that the existence of a statute enacted pursuant to the constitutional mandate was dispositive of the question of public policy and stated:
"Where the legislature has provided a method of arbitration, the objection that such arbitration ousts the courts of jurisdiction is without merit."
This view has since been reiterated. Dominion Insurance Co., Ltd. v. Hart, 178 Colo. 451, 498 P.2d 1138 (1972).
The most emphatic statement by the General Assembly pertaining to arbitration in Colorado is found in §§ 13-22-201 et seq., C.R.S.1973 (Cum.Supp.1975), the Uniform Arbitration Act of 1975. The explicit purpose of the Act is "to validate voluntary written arbitration agreements . . . [and to] make the arbitration process effective." See § 13-22-202. The Act thus recognizes a policy encouraging the settlement of disputes through the arbitration process and doubts concerning whether a dispute is subject to arbitration are to be resolved in favor of arbitration. See generally Uniform Arbitration Act, Uniform Laws Annot. § 1.
Generally, the Act represents a "radical departure" from the traditional common law rule that agreements to arbitrate, insofar as they were deemed to oust the courts of jurisdiction, were against public policy and illegal. Bel Pre Medical Center, Inc. v. Frederick Contractors, Inc., 21 Md.App. 307, 320 A.2d 558 (1974); and see Annot. 24 A.L.R.3d 1325. However, in Colorado, this judicial renunciation of arbitration has been consistently rejected, and our common law view of arbitration is in complete accord with the stated purpose of the Act. Ezell v. Rocky Mountain Bean & Elevator Co., supra.
Plaintiff further maintains that the arbitration agreement did not comply with the terms of C.R.C.P. 109 and is ineffective on this ground. We disagree.
C.R.C.P. 109 requires that the parties execute a written agreement to arbitrate a dispute, that an arbitrator be named, and that the award may be filed as a basis of a judgment. Plaintiff correctly asserts these procedures must be satisfied as a requisite to enforceability of the clause, Koscove v. Peacock, 136 Colo. 371, 317 P.2d 332 (1957); however, the pertinent sections of the policy here conform to these requirements. See Sisters of Mercy of Colorado v. Mead & Mount Construction Co., 165 Colo. 447, 439 P.2d 733 (1968), and Brauer, Arbitration in Colorado: The Uniform Arbitration Act of 1975, 5 Colorado Lawyer 483 (1976).
Section III of the policy constitutes a written agreement between the parties that disagreements concerning coverage and amounts of damages will be submitted to arbitration. The policy provides that each party may select one arbitrator, the two of whom will select a third arbitrator, *258 and stipulates that the arbitration will be conducted in accordance with applicable rules obtaining in a given jurisdiction. And, such arbitration is stated in the policy to be a condition precedent to maintaining a cause of action. And, consonant with the intention of the legislature, we refuse to invalidate the agreement as an "involuntary" contract of adhesion, despite plaintiff's arguments to this effect. See generally Widliss, Perspectives on Uninsured Motorists Coverage, 62 Nw.U.L.Rev. 497 (1967).
Accordingly, the trial court's ruling on defendant's motion to dismiss was, for the reasons stated, erroneous. The action here cannot be maintained absent compliance with the arbitration provisions. See Thomas Wells & Associates v. Cardinal Properties, Inc., Colo.App., 543 P.2d 1275 (1975).

II
As the trial court found the arbitration provision invalid, it was consequently necessary for the court to determine the effect of the consent to sue clause. The clause provides that no judgment against a third party shall be conclusive as between the company and the insured unless the judgment was obtained in an action which the insured had prosected with the written consent of the company. Defendant thus contends that even if arbitration were not obligatory on the parties, it is nevertheless not bound by the result of the litigation against Suazo.
Our holding as to the validity of the arbitration clause obviates consideration of this issue. Arbitration having been a prerequisite to jurisdiction, the proceedings below in the absence of arbitration were a nullity, and the matter of the consent to sue provision was not properly before the trial court. See Guthrie v. Barda, Colo., 533 P.2d 487 (1975).
Judgment reversed and cause remanded with directions to dismiss plaintiff's complaint.
ENOCH and STERNBERG, JJ., concur.