Paula REDERSCHEID,
Plaintiff-Appellant,

v.

COMPRECARE, INC., a Colorado
corporation, Defendant-Appellee.

No. 81CA0667.

Colorado Court of Appeals,
Div. II.

May 12, 1983.

Richard M. Borchers, P.C., Richard M. Borchers, Westminster, for plaintiff-appellant.

Hall & Evans, Thomas R. Bromberg, Arthur R. Karstaedt, III, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Paula Rederscheid, brought suit against defendant Comprecare, Inc., a Colorado corporation and health maintenance organization (Comprecare). She appeals the trial court's dismissal of her second claim for relief for failure to state a claim upon which relief may be granted. We reverse.

She first claimed a breach of contract because of defendant's failure to pay for corrective oral and jaw surgery under her policy. In a second claim for relief, she sought damages for anxiety caused by defendant's bad faith in failing to carry out its contract and for willful and wanton breach. Trial was to a jury. At the close of the evidence, the trial court, relying upon § 10–17–125, C.R.S.1973, refused to submit the second claim to the jury. Plaintiff recovered on her first claim, and the sole issue on appeal is the propriety of the trial court's dismissal of the second claim.

Section 10–17–125(1), C.R.S.1973, reads as follows:

"Except as otherwise provided in this article, the *provisions* of the insurance law and provisions of nonprofit hospital, medical-surgical, and health service corporation laws shall not be applicable to any health maintenance organization granted a certificate of authority under this article." (emphasis added)

We disagree with the trial court's construction of the statute. The phrase "provisions of the insurance law," when read in context of the Article 17 on health maintenance organizations, has reference to the *provisions* of Title 10 concerning general statutory regulations of the insurance industry.

Further, both the tort of bad faith failure to exercise due care in discharge of a contractual duty and the granting of damages for mental anguish caused by a willful and wanton breach of contract are grounded in basic common law, and not solely in the area of insurance law. *Fitzsimmons v. Olinger Mortuary Ass'n,* 91 Colo. 544, 17 P.2d 535 (1932); *see Farmers Group, Inc. v. Trimble,* 658 P.2d 1370 (Colo. App.1982); *Gruenberg v. Aetna Insurance Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (Cal.1973).

Because this matter must be remanded for trial on the second claim, we address Comprecare's contention that Colorado has not recognized first party bad faith actions as here claimed by plaintiff. This court has recognized a first-party claim sounding in tort against an insurer resulting from a third-party situation, in which the insurer had subsequently accepted responsibility, and settled within the policy limits. *Farmers Group, Inc. v. Trimble, supra; see also Gorab v. Equity General Agents, Inc.,* 661 P.2d 1196 (Colo.App.1983). However, we address the question framed here as one of first impression, *i.e.,* may the holder of a policy providing first-party protection maintain an action against a policy vendor upon a claim that the vendor has in

bad faith failed to deliver the bargained-for services. We so hold.

The vendor of a policy has a duty imposed by law to deal fairly and in good faith with the purchaser of the policy, and when it refuses to do so without proper cause, it is liable for damages naturally flowing therefrom. *Gruenberg v. Aetna Insurance Co., supra. See also Louderback, & Juika, Standards for Limiting the Tort of Bad Faith Breach of Contract,* 16 U.S.F.L. Rev. 187 (1982).

The judgment is reversed and the cause is remanded for trial on plaintiff's second claim.

PIERCE and SILVERSTEIN,* JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).