Judith M. BUCHOLTZ,
Plaintiff–Appellant,

v.

SAFECO INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 87CA0537.

Colorado Court of Appeals,
Div. IV.

Nov. 17, 1988.

Rehearing Denied Dec. 15, 1988.
Certiorari Denied May 22, 1989.

Williams, Trine, Greenstein & Griffith, P.C., Bruce O. Downsbrough, William A. Trine, Boulder, for plaintiff-appellant.

Barrows & Sisun, P.C., Thomas H. Barrows, Keith Van Doren, Denver, for defendant-appellee.

KELLY, Chief Judge.

The plaintiff, Judith M. Bucholtz, appeals the summary judgment entered in favor of the defendant, Safeco Insurance Company, dismissing two of her claims for relief, which amount to a single claim in tort for bad faith breach of insurance contract, and a third claim of outrageous conduct. She contends that the trial court erred in holding that Safeco's reliance on the arbitration clause in the policy could not, as a matter of law, constitute an exercise of bad faith or be a breach of that same contract and that none of Safeco's actions could be characterized as outrageous conduct. We affirm.

Bucholtz was injured in a two-vehicle automobile accident on February 23, 1981, resulting in several surgeries and her repeated hospitalization. In a separate action, Bucholtz sued the driver of the other car, who was uninsured, and on July 2, 1984, obtained a judgment against him in the amount of $250,000. That judgment has not been satisfied.

Bucholtz was insured by Safeco under a general no-fault liability policy with an uninsured motorist endorsement. The endorsement required Safeco:

"To pay all sums which the insured ... shall be legally entitled to recover as

damages from [an uninsured motorist] ... provided ... determination as to whether the insured ... is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured ... and SAFECO or, if they fail to agree, by arbitration."

The applicable policy limits for bodily injury were $100,000 for each person and $300,000 for each accident. The policy provided a setoff for workmen's compensation and disability benefits.

In April 1982, Bucholtz made a demand under the policy in the amount of $95,000. At that time, however, Bucholtz had incurred only $11,000 in medical expenses and $7,000 in lost wages, for which she had been reimbursed by Safeco. Her medical prognosis looked promising, and she was receiving workmen's compensation benefits that eventually totalled over $40,000. Safeco counteroffered to pay an additional $20,000. Bucholtz rejected the counteroffer, renewed her demand of $95,000, and immediately demanded arbitration.

The arbitration clause of Bucholtz's policy stated:

"Arbitration: If any person making claim hereunder and SAFECO do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this section, then, upon written demand of either, the matter or matters upon which such person and SAFECO do not agree shall be settled by arbitration."

Through no fault of either party, the arbitration hearing was delayed until June 20, 1984. The following day, Bucholtz "refused to discuss" a settlement inquiry from Safeco of $40,000 to $45,000. In a two-to-one decision issued January 21, 1985, the arbitration panel concluded, that "without regard to the $100,000 coverage limitation," Bucholtz's compensable damages amounted to $300,000 in addition to any sums paid or payable as workmen's compensation benefits.

On March 4, 1985, Safeco tendered the policy limit of $100,000 to Bucholtz in satisfaction of her claim. Bucholtz refused the tender asserting she was entitled to $300,000, which she perceived to be the award of the arbitration panel. In April 1985, Safeco paid $100,000 into the registry of the district court, and by stipulation, Bucholtz was permitted to withdraw approximately $58,000 (the balance, Safeco asserted, being subject to the workmen's compensation setoff). Both parties initiated post-arbitration proceedings in Denver District Court pursuant to § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A).

In addition to seeking post-arbitration remedies, Bucholtz brought the present action against Safeco in November 1985, claiming breach of Safeco's duty to deal with her in good faith, willful and wanton breach of the insurance contract, and outrageous conduct. The trial court entered summary judgment dismissing all three claims, and Bucholtz appeals.

### I.

Bucholtz contends that the trial court erred in dismissing her first two claims for relief because Safeco breached its duty to deal with her in good faith by failing to work toward a negotiated settlement. She asserts that Safeco had an obligation to continue negotiations even after she had demanded arbitration. We are not persuaded.

■ It is true that the vendor of an insurance policy has a legal duty to deal fairly and in good faith with its insured. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984); *Rederscheid v. Comprecare, Inc.*, 667 P.2d 766 (Colo.App.1983). Breach of that duty renders the insurer liable for damages naturally flowing from the breach. *Rederscheid v. Comprecare, Inc., supra*.

■ However, although the insurer's duty of good faith and fair dealing continues unabated during the life of the insurer-insured relationship, any obligation to negotiate as a reflection of good faith may be suspended temporarily by collateral circum-

stances. One such circumstance is a request for arbitration by either of the parties pursuant to a valid arbitration provision in the contract of insurance. *See Wales v. State Farm Mutual Automobile Insurance Co.*, 38 Colo.App. 360, 559 P.2d 255 (1976); *see also Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985) (insurer must be accorded wide latitude in its ability to investigate first-party claims and to resist false or unfounded efforts to obtain funds not available under contract of insurance).

■ The validity of the arbitration clause in this case is undisputed. The only disagreement between the parties is "the amount of payment which may be owing" under the terms of the policy, the very issue the arbitration clause was intended to resolve.

Arbitration is a desirable method of resolving disputes and is to be encouraged. *Wales v. State Farm Mutual Automobile Insurance Co., supra; see* § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A). Here, both parties had a right, as well as an obligation, to submit this dispute to arbitration. *See Zahn v. District Court*, 169 Colo. 405, 457 P.2d 387 (1969); *Wales v. State Farm Mutual Automobile Insurance Co., supra.* It follows that, as a matter of law, Safeco had no obligation to continue to attempt a negotiated settlement while there was a genuine disagreement as to the amount of compensable damages and Bucholtz had demanded arbitration.

■ Moreover, Bucholtz is claiming uninsured motorist benefits to which she is directly entitled under the terms of the insurance policy, the essence of a first-party claim. *See Travelers Insurance Co. v. Savio, supra; see also Craft v. Economy Fire & Casualty Co.*, 572 F.2d 565 (7th Cir.1978). Unlike the third-party claim situation in which the standard of conduct is characterized by general principles of negligence, an insurer acts in bad faith in denying or delaying the processing of a valid first-party claim when the insurer's conduct is unreasonable and the insurer knows or recklessly disregards the fact that its conduct is unreasonable. *Compare Trav-*

*elers Insurance Co. v. Savio, supra, with Farmers Group, Inc. v. Trimble, supra.*

Here, Safeco did not act unreasonably in handling Bucholtz's claim. Although there were delays and disagreement, Bucholtz failed to allege any facts showing they were caused by any unreasonable conduct on Safeco's part or that Safeco knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim. *See Travelers Insurance Co. v. Savio, supra.* Accordingly, there was no breach, there was no bad faith, and there was no genuine issue as to any material fact. Safeco was entitled to judgment as a matter of law. C.R.C.P. 56(c).

## II.

■ The foregoing conclusion requires us also to reject Bucholtz's contention that the trial court erred in dismissing her claim of outrageous conduct. That claim was premised on the same facts as her claim for bad faith breach of insurance contract. Thus, we agree with the trial court's conclusion that none of Safeco's conduct can possibly be characterized as outrageous, or even abuse of a position of authority. *See Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970); *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292 (Colo.App.1982).

We have considered Bucholtz's other assignments of error and find them to be without merit.

Judgment affirmed.

METZGER, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

As this case was postured before the trial court at the time it entered its summary judgment, there was undisputed evidence permitting off-setting inferences; therefore, plaintiff was entitled to all favorable inferences which might be reasonably drawn from that evidence. *O'Herron v. State Farm Mutual Auto Insurance Co.*, 156 Colo. 164, 397 P.2d 227 (1964). Because that conflicting evidence existed, the

trial court's rulings were premature both as to determining material questions of fact and the law applicable to those facts.

The central issue before the trial court was not whether Safeco had a contractual right to arbitrate plaintiff's claim, but whether, in the exercise thereof, it abused that right by bad faith acts or willful and wanton breach of its concomitant duty of good faith to the plaintiff.

I agree with Safeco that uninsured motorist coverage is not in the first instance a classic example of first party coverage. *See* 2 A. Widiss, *Uninsured & Underinsured Motorist Insurance* § 22.1, et seq. (2d ed 1987). This is true because an insured must initially establish that the party causing injury was uninsured and was the legal cause of the injury. Thus, as to these issues, the insurer and the insured are in adversarial positions. This does not mean, however, that an insurer is relieved of its duty imposed by law to deal fairly and in good faith with its insured, and when an insurer refuses to do so without proper cause, it is liable for damages naturally flowing therefrom. *See Rederscheid v. Comprecare, Inc.*, 667 P.2d 766 (Colo.App. 1983). Implied in this duty of good faith is the requirement that the insurer investigate the factual predicates of the claim of liability and not unreasonably persist in defenses that are without foundation in either fact or law.

Plaintiff asserts, and this assertion was verified at the arbitration hearing, that the fact of the third party's status as an uninsured motorist and as the sole cause of the rear-end collision which resulted in plaintiff's injury was undisputed. Thus, she argues, once the question of liability is resolved in the insured's favor, the uninsured motorist's claim does in fact become in essence a first party claim, and the duty to negotiate fairly and justly the question of damages falls upon both parties. I agree. *See Widiss, supra.*

She contends that Safeco's persistence in the denial of the third party's lack of insurance and affirmative defense of contributory negligence for over two and one half years with no evidentiary basis therefor is

evidence from which a fact finder could infer bad faith or willful and wanton breach of contract. Further, plaintiff contends that the evidence could sustain an inference that by the time Safeco forced her to go through the arbitration hearing there was no longer a fair question that her injuries in fact justified an award of damages well in excess of the policy limits of $100,000. She further contends that, even though the insurer had a *bona fide* defense, in part, based upon its claimed workmen's compensation offset, rather than allow that issue alone to go to arbitration, it persisted in its defense to the entire claim and on its original offer of $20,000.

Thus, I agree with plaintiff that under all of the attendant circumstances involved in this claim, Safeco's actions raise the permissible inference that its refusal to negotiate was at least in part a position taken in bad faith. *See* J. Van Patten & R. Willard, *The Limits of Advocacy: A Proposal for the Tort of Malicious Defense in Civil Litigation*, 35 Hastings L.J. 891 (July 1984). *See also Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985).

Additionally, the trial court erred in its dismissal of plaintiff's claim for willful and wanton breach of contract. *See Mortgage Finance, Inc. v. Podleski*, 742 P.2d 900 (Colo.1987); *Rederscheid v. Comprecare, Inc., supra. See also Beck v. Farmers Insurance Exchange*, 701 P.2d 795 (Utah 1985) (breach by an insurer of its duty of good faith in rejecting an insured's claim for uninsured motorist may give rise to a claim for willful and wanton breach of contract with resulting liability for consequential damages including but not limited to emotional distress).

I would vacate the summary judgment entered in this matter and remand it to the trial court for reinstatement of plaintiff's complaint. Further, I would order the trial court to reexamine plaintiff's motion for discovery, and to exclude therefrom only those matters properly identified as work product.