Gloria J. BREKKE, Plaintiff–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant–Appellant.

No. 02CA0582.

Colorado Court of Appeals,
Div. IV.

July 3, 2003.

As Modified Aug. 7, 2003.

Certiorari Granted Jan. 12, 2004.

Gradisar, Trechter, Ripperger, Roth & Croshal, James M. Croshal, Pueblo, CO, for Plaintiff–Appellee.

Faegre & Benson, LLP, Michael S. McCarthy, Ross W. Pulkrabek, Marie E. Williams, Pamela J. Traylor, Denver, CO; Cain & Hayter, LLP, Craig W. Cain, Rosalie P. Fessier, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, State Farm Mutual Automobile Insurance Company, appeals the trial court's judgment in favor of plaintiff, Gloria J. Brekke. We affirm.

Brekke was involved in a hit-and-run accident with an automobile owned by Garfield Gus Garcia. At the time of the accident, Brekke had insurance with State Farm that included uninsured motorist (UM) coverage.

Brekke contacted State Farm to recover UM benefits for the injuries she sustained in the accident. When an agreement on benefits could not be reached, Brekke requested that the dispute over UM coverage be submitted to arbitration, but State Farm refused.

Brekke then filed a complaint against Garcia and John Doe for negligence and against State Farm for payment of UM benefits. State Farm filed an answer, denying that the party who hit Brekke was negligent, that Brekke was injured in the accident, and that she was entitled to UM benefits. State Farm demanded a jury trial and paid the requisite jury fee.

Garcia failed to answer the complaint, and Brekke moved for judgment by default. Attached to the motion were records from Brekke's treating physicians and an affidavit from Brekke supporting her claim for damages. Based upon the affidavits, the trial court entered a default judgment against Garcia for $400,000 in actual and punitive damages.

In response to Brekke's motion, State Farm requested that the court "enter an order that default judgment either not be entered at this time or, in the alternative, only be entered against Defendant Garfield Gus Garcia with no binding effect upon this defendant." State Farm continued to deny that Brekke was injured in the accident and disputed the extent of her injuries. State Farm thus requested that the trial court deny the default judgment against Garcia until the issue of damages was litigated. State Farm also requested that, if default judgment were entered against Garcia, it not be binding on State Farm.

The trial court determined that the default judgment entered against Garcia would not preclude State Farm from defending against the amount of damages claimed by Brekke and ordered that a hearing on damages be scheduled.

Nine months later, State Farm filed a motion for reconsideration of the trial court's order and requested a jury trial on all issues. Specifically, State Farm argued that it was not bound by the default judgment against Garcia. The trial court denied the motion, stating that:

Under the circumstances of this case, Defendant Garcia has never filed an answer, much less a jury demand.... State Farm has previously stated [it is] contesting the damages portion of this matter and wish[es] a jury trial to resolve this issue.... State Farm's request for a "hearing" is outlined in [its] policy but does not necessarily encompass the right to trial by jury. State Farm has an absolute right to protect [its] interest in this matter, a right that this Court believes will be more than adequately protected by a hearing to the Court.

After a four-day hearing on damages, the trial court entered judgment in favor of Brekke and against Garcia and State Farm for $169,888, plus interest, for a total of $293,651.95. This appeal followed.

State Farm contends that it is not bound by the default judgment against Garcia because the judgment was not the result of an actual trial to a jury, and therefore, it is not liable for payment of UM benefits. We disagree that in this situation State Farm was entitled to a jury trial because its policy effectively waives that right, and we conclude

that it was provided a trial which was fair and adequate to protect its interests.

Colorado's uninsured motorist statute, § 10–4–609, C.R.S.2002, provides in pertinent part:

(1)(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S. [of the Motor Vehicle Insurance Responsibility Act], under provisions approved by the commissioner, for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

(Emphasis added.)

■ The purpose of the uninsured motorist coverage mandated by § 10–4–609 is to compensate an insured for loss, subject to the insured's policy limits, caused by negligent and financially irresponsible motorists. *Kral v. Am. Hardware Mut. Ins. Co.,* 784 P.2d 759 (Colo.1989); *State Farm Mut. Auto. Ins. Co. v. Nissen,* 835 P.2d 537 (Colo.App. 1992), *aff'd,* 851 P.2d 165 (Colo.1993). The legislative intent is satisfied by coverage that compensates a person injured by an uninsured motorist to the same extent as one injured by a motorist insured in compliance with the law. *Briggs v. Am. Family Mut. Ins. Co.,* 833 P.2d 859 (Colo.App.1992).

As pertinent here, the policy provides that, if the insurer and the insured are unable to agree on whether the insured is legally entitled to collect damages from the owner or driver of the uninsured motor vehicle or on the amount of damages, the insured is required to take the following steps:

2. If either party does not consent to arbitrate these questions ... the <insured> shall:

a. file a lawsuit in the proper court against the owner or driver of the <uninsured motor vehicle> and us, or if such owner of driver is unknown, against us; and

b. upon filing, immediately give us a copy of the summons and complaint filed by the <insured> in that action; and

c. secure a judgment in that action. The judgment must be the final result *of an actual trial* and appeal, if an appeal is taken.

3. Any judgment for damages arising out of a suit brought against the owner or driver of the <uninsured motor vehicle> is not binding on us unless we:

a. are provided with a copy of the summons and complaint filed by the <insured>; and

b. have a reasonable opportunity to protect our interests in the suit.

(Emphasis added.)

■ Both the statute and the State Farm policy require that an insurer pay to the insured, up to the limit of the policy, whatever losses the insured proves he or she is "legally entitled to recover" from the uninsured motorist. Thus, the insured has the burden to prove that the uninsured motorist was negligent and the extent of the damages. This burden can be met in a judicial proceeding against either the uninsured motorist or the insurer or in an arbitration proceeding. *Wales v. State Farm Mut. Auto. Ins. Co.,* 38 Colo.App. 360, 559 P.2d 255 (1976). If the insured meets this burden, then the insurer is under a statutory and contractual duty to compensate the insured for his or her losses. *Briggs v. Am. Family Mut. Ins. Co., supra.*

■ If an insurer has been given adequate notice of the proceeding and an opportunity to protect its interests, it will be bound by a judgment against the uninsured motorist. *Briggs v. Am. Family Mut. Ins. Co., supra.*

■ State Farm argues that it did not have an opportunity to protect its interests because the trial court denied its absolute right to a jury trial. We disagree.

■ Ordinarily, a civil litigant has a right to a trial by jury so long as a timely demand is made and the proper fee is paid. C.R.C.P. 38; *Faucett v. Hamill*, 815 P.2d 989 (Colo. App.1991). However, trial by jury in civil actions is not a matter of constitutional right in Colorado. *Snow Basin, Ltd. v. Boettcher & Co.*, 805 P.2d 1151 (Colo.App.1990).

If we were to interpret the policy in the way State Farm proposes, its demand for a jury trial would trump the insured's default judgment by requiring that the insured obtain a judgment, if at all, against the uninsured motorist and State Farm only as a result of an actual jury trial. . Although the default judgment legally entitled Brekke to recover against the uninsured motorist, State Farm contends that its jury demand, in the context of the policy language, vitiates the default judgment unless and until Brekke also receives a jury verdict against State Farm. We conclude that such an additional step, if required by State Farm's policy, would violate the public policy expressed in the uninsured motorist statute.

■■ "Parties may not privately contract to abrogate statutory requirements or contravene the public policy of this state." *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 492 (Colo.1998). Where insurance contract provisions dilute, condition, or unduly limit statutory coverage, they may be declared void as against public policy and unenforceable. *Peterman v. State Farm Mut. Auto. Ins. Co., supra; see also Briggs v. Am. Family Mut. Ins. Co., supra*, 833 P.2d at 862 (violation of public policy where "[a]n insurer, by refusing to be bound, can force an insured, who has already obtained a judicial determination of his losses against the uninsured motorist, to relitigate liability ... as a condition of recovery").

Here, State Farm seeks to condition recovery by its insured on an actual jury trial regarding damages, even where the insured has obtained a judgment against the uninsured motorist and where State Farm nevertheless obtained discovery and participated in a trial to the court on the issue of damages. This is not a case where a codefendant or joint tortfeasor demands a jury trial; instead, here the codefendant insurer is present at its own behest solely for the purpose of assuring that its insured is legally entitled to recover. Importantly, the policy also requires that State Farm be afforded an opportunity to protect its interests and that the insured's judgment be the product of an actual trial.

If we were to read the words "actual trial" in the policy as invalidating default judgments or consent judgments, then we would permit the policy to modify the concept of legal entitlement, which is so firmly imbedded in the uninsured motorist statute. Further, if we were to interpret the policy as requiring a full jury trial against State Farm on the question of its obligation to cover the damages or on the amount of those damages it is required to cover, we would be opting for the most inefficient and expensive way of achieving the purpose of the uninsured motorist statute. Such an interpretation would require in every instance a jury trial to determine legal entitlement of the insured, ignoring the statute's policy of requiring insurance contracts that protect insureds who are legally entitled to recover damages from uninsured motorists. Under the circumstances, it is difficult to imagine that a judgment—whether by default, consent, trial, or otherwise—rendered by a court of competent jurisdiction would not legally entitle Brekke to recover the damages specified by that judgment. *See Vernon Fire & Cas. Ins. Co. v. Matney*, 170 Ind.App. 45, 351 N.E.2d 60 (1976). In our view, such a construction would offend the public policy expressed in the statute.

However, we do not have to reach that result because we read the policy language to require "a trial" only to the extent that State Farm may "have a reasonable opportunity to protect [its] interests in the suit." We agree that the trial court properly interpreted the policy and that State Farm received precisely what it bargained for.

We therefore conclude that State Farm, having participated in a contested hearing on damages, has no further right to a jury trial on the issue of damages once default was

entered in favor of its insured and against the uninsured motorist.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge NIETO concur.