McDONOUGH CONSTRUCTION COMPANY OF FLORIDA, a Florida corporation, and Claussen-Lawrence Construction Company, a Georgia corporation, engaging in a Joint Venture and doing business as McDonough-Claussen Venture, Plaintiffs,

v.

MARYLAND CASUALTY COMPANY, a Maryland corporation, Defendant.

Civ. No. 243-60.

United States District Court
D. Puerto Rico.
March 21, 1961.

---

6. Koeppe v. Lundell Manufacturing Company, D.C.Minn., 179 F.Supp. 918.

Tomas I. Nido, San Juan, P. R., for plaintiffs.

Rivera-Zayas, Rivera-Cestero & Rua, San Juan, P. R., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action by a Florida corporation against a Maryland Corporation by which plaintiff seeks to recover the sum of $103,856.88, plus interest, which amount was the cost, after deductions, of performing a contract after the default of one Pagan, a subcontractor. Defendant Maryland Casualty Company is the surety on Pagan's performance bond, in which the former bound itself to plaintiff "jointly and severally" with the latter in the sum of $174,350.00 to secure performance of Pagan's sub-contract. Pagan has not been joined as a party.

Defendant has filed a motion to dismiss alleging eight grounds for dismissal, and a motion to dismiss for improper venue, all of which are patently frivolous save numbers 3, 5 and 7, which are worthy of some brief discussion.

Number 3 and number 5 refer to the same contention, that is, that the condition precedent of arbitration, established in the sub-contract between plaintiff and the sub-contractor, Pagan, has not been complied with and the further objection that other conditions precedent, required by the Puerto Rican law of suretyship, such as a prior application of principals' property have not been complied with.

Objection No. 7 is that Pagan is an indispensable party to the action, as principal on the bond.

■■ The only trouble with defendant's contentions is that defendant, by the express terms of its bond, bound itself jointly and severally. In this situation the surety is not a subsidiary debtor but a principal debtor, and their obligations are governed not by the chapter on Principal and Surety of the Civil Code, Section 4891, Title 31 L.P.R.A. but subchapter IV, Chapter 245 of the same Title of the Code, Sec. 3108. The latter reads as follows: "A creditor may sue any of the joint debtors or all of them simultaneously".

Construing these sections in connection with a bond containing the same language, with respect to the surety's obligation, the Supreme Court of Puerto Rico held that the obligees action against the surety was entirely independent of any action against the principal, and gave the following answer to the present defendant's contentions.

"Therefore, since the surety was solidarily bound, the action for recovery could have been brought either against it or against the White Star Bus Line, Inc., inasmuch as both, in so far as the plaintiffs are concerned, were principal debtors. This question should be governed by the provisions of the Civil Code in so far as it refers to solidary obligations.

"The surety in the present case was bound in *Solidum* with the White Star Bus Line, and therefore, it is bound to pay plaintiffs' claim in the same manner as was the defendant company in the main action. Therefore, it is not entitled to levy on the property of said defendant § 1730(2), Civil Code, or to have the order of execution of the judgment returned unsatisfied by reason of the

debtor's insolvency, as a prerequisite in order that the plaintiffs may bring an action of recovery against the appellant, since it had bound itself in *solidum*." Colon vs. P. R. and Am. Insurance Co., 63 PRR 332.

As the surety is a principal debtor, not subsidiary to the subcontractor in this case, plaintiff (1) is not bound by the provision for arbitration in the sub-contract; (2) plaintiff may sue independently, without joining Pagan; and (3) plaintiff may sue the surety without complying with any of the conditions precedent provided in Chapter 373 of Title 31 L.P.R.A.

The motion to dismiss should be and hereby is denied.