The UNITED STATES of America for the Use and Benefit of COMMONWEALTH COATINGS CORPORATION, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY, Fireman's Fund Insurance Company, Defendant.

COMMONWEALTH COATINGS CORPORATION, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY, Fireman's Fund Insurance Company, Defendants.

Nos. Civ. 441–62, 442–62.

United States District Court
D. Puerto Rico,
San Juan Division.

March 12, 1963.

Rivera Zayas, Rivera Cestero & Rua, C. A. Romero Barcelo, San Juan, P. R., for plaintiffs.

Gutierrez & Ramirez, San Juan, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

These two actions are now before the Court on identical motions made by the defendants therein requesting that they be stayed to await the decision in the arbitration proceedings pending between the use plaintiff Commonwealth Coatings Corporation and the prime contractor A. C. Samford Overseas, Inc., for whose obligations with the plaintiff herein, the defendant insurance companies have become co-sureties.

The stay is requested pursuant to the United States Arbitration Act (9 U.S. C.A. § 3) and 32 L.P.R.A. §§ 3201–3229.

In support of said motions defendants have filed the affidavit of Roger Dickinson, Vice-President of A. C. Samford Overseas, Inc., supplemented with 18 exhibits.

A hearing on said motions was held on February 1, 1963. Oral argument was then heard and the affidavit and supplementary exhibits above mentioned, as well as memoranda from counsel were

submitted, the Court granting defendants a period of 15 days to file an additional memorandum, plaintiff to have 10 days to answer said additional memorandum.

Both memoranda were in due course filed, plaintiff having submitted a supplemental memorandum on February 27, 1963 and defendants having filed on March 5, 1963 their motion submitting affidavit of their attorney; on which date the matter came finally under submission.

The Court has given due consideration to the pleadings, exhibits and memoranda of record and is duly advised in the premises.

Defendants allege and plaintiffs concede that the subcontracts involved in these actions contain an arbitration clause which has been quoted in Mr. Dickinson's affidavit as well as in some of the memoranda filed.

■ They are further in agreement in that the plaintiff in these actions, involving said arbitration clause, addressed itself to the prime contractor A. C. Samford Overseas Inc., and requested arbitration thereunder, as to all the subcontracts involved in said actions, selecting its own arbitrator and requesting that A. C. Samford Overseas, Inc., select its own, which the latter also did. While a meeting of both arbitrators to select the third one was being considered, the parties and their attorneys started to consider settlement negotiations and the arbitration proceedings remained in suspense. The settlement negotiations failed and both parties decided to resume the arbitration proceedings. Then plaintiff's arbitrator resigned and at the time these actions were filed the plaintiff was in the process of either convincing him to remain as arbitrator or else designating his substitute.

There is no doubt that under the above set of facts and pursuant to the United States Arbitration Act, 9 U.S.C.A. § 3, the stay requested by the herein defendants in these two actions is compulsory.

This Court has already passed on this question. See: United States, etc. v. Electronic & Missile Facilities Inc., D.C., 206 F.Supp. 790 (1962). See also: Electronic and Missile Facilities Inc. v. United States (5 Cir. 1962) 306 F.2d 554.

■ The fact that the defendants here are the sureties on the contractor's bond and that these are not parties in the subcontracts which contain the arbitration clause in question here does not in any way preclude them from obtaining a stay of the action until the contractor's right to compel arbitration is given effect.

See: Modern Brokerage Corporation v. Massachusetts Bonding and Ins. Co. (1944) D.C.S.D.N.Y., 54 F.Supp. 939, cited by this Court in United States etc. v. Electronic & Missile Facilities Inc., supra, at p. 792, 206 F.Supp.

This Court's decision of March 21, 1961 (see Judge Ford's Memorandum of that date) in 215 F.Supp. 488, entitled McDonough Construction Company of Florida, etc. v. Maryland Casualty Company, a Maryland corporation is not apposite to the situation here.

There, the defendant surety company insisted that the action be dismissed, as against it, because the plaintiff had failed to resort to arbitration under the arbitration clause contained in the sub-contract between the plaintiff and the subcontractor Antonio C. Pagan for whom the defendant was the surety. It did not appear that the plaintiff or the sub-contractor would have resorted to arbitration under said clause and much less that the surety would be requesting that the action be stayed pending arbitration. All that the defendant surety asked in his motion in said case was that the action be dismissed. It did not ask that the action be stayed.

In United States of America etc. v. Electronic & Missile Facilities Inc., supra, the surety, as one of the defendants, requested that the action be dismissed, or else that it be stayed pending arbitration. This Court decided that the surety was not entitled to the dismissal (as previously ruled in McDonough Construction

·Company of Florida, etc. v. Maryland ·Casualty Company, etc. supra), but that, nevertheless, said surety was "entitled to a stay of the action until the contractor's right to compel arbitration is given effect".

Here, the defendant-sureties, are not asking the Court to dismiss the actions against them, they are merely requesting that the actions be stayed until a final determination of the arbitration proceedings already commenced.

Defendants in these two actions are entitled to have these two actions stayed to await the decision and award in said arbitration proceedings.

It is so ordered.