**SOUTHWEST INDUSTRIAL IMPORT & EXPORT, INC. dba Nationwide Supplies, a division**

v.

**WILMOD COMPANY, INC.**

Civ. A. No. 74-H-208.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 19, 1974.

William A. Petersen, Jr., Houston, Tex., for plaintiff.

Ronald D. Cohen, Houston, Tex., for defendant.

*Memorandum and Order*:

SINGLETON, District Judge.

This case arose out of a failure to deliver 94 pallets of nails. After some negotiations, the defendants in the case, the Wilmod Company, proceeded to arbitrate, as per the contract in New York. The plaintiff here, Southwest Industrial, filed the instant suit in Houston and moved for a stay of the New York arbitration proceedings. The court granted an ex parte stay and a hearing on the question was held March 27, 1974. At that hearing, the defendant not only questioned the stay of arbitration but also questioned whether or not Texas had in personam jurisdiction over the defendant. The stay of arbitration was extended in order to give the court time in which to consider both questions.

## ARBITRATION

Involved in this case are some sixteen contracts providing for shipment of goods from Japan to be off-loaded at the Port of Houston. Each of the contracts contain an unlimited arbitration clause to submit any and all disputes arising in connection with the contracts to arbitration in New York. A controversy arose over the delivery of the first shipment under the first contract in September 1973. Four months later the defendant submitted the controversy to arbitration in New York, notice dated January 16, 1974.

Despite the fact that the matter was submitted to arbitration within the stated six months' time limit, the court believes that the defendant has waived its right to arbitrate by its actions. It is undisputed that immediately after the controversy over 94 pallets of nails arose the parties entered into negotiations for a settlement; at that time there was no demand for arbitration. The plaintiff believed a settlement had been reached but the defendant, which apparently did not believe a settlement had been reached, revoked whatever agreement was in effect and disposed of the cargo at a price of much less than that defendant would have received under the contract. Thereafter defendant demanded from plaintiff the deficiency and rescinded the remaining contracts. At no time during the four-month period did the defendant demand arbitration and the defendant made no move to arbitrate until after the plaintiff notified defendant that it intended to file suit should an amicable solution not be reached. Had the defendant seriously intended to use arbitration as a tool to settle the dispute, it would have demanded arbitration at the time it felt it necessary to revoke the settlement agreement which it had at least tentatively negotiated. Its self-help in selling the nails and subsequent rescindment of the other contracts constitute a waiver of the provisions for arbitration contained in the contract. The arbitration proceedings will be and the same are hereby stayed indefinitely.

## IN PERSONAM JURISDICTION

The defendant Wilmod is a foreign corporation which does not maintain any offices in Texas and has designated no agent for service of process. Its principal place of business is in New York. The plaintiff has utilized the Texas Long Arm Statute, Art. 2031b, V.A.T.S., and defendant has challenged its use.

The defendant obtained sixteen contracts, which form the subject of this suit, from the plaintiff for a shipment of goods from Japan to be off-loaded in

Houston. The orders were taken by the defendant, for the most part, by telephone from the plaintiff. The defendant then directed the delivery of the goods from Japan to Houston. It is the defendant's position that under Texas law mere solicitation of business and the directing of shipments into the state are insufficient to render foreign corporations amenable to suit. Isolated acts, too, are insufficient to hold that a foreign corporation is "doing business" in Texas where the corporation is not registered and has no offices in Texas. Defendant cites AMCO v. Bambi, 257 F. Supp. 215 (S.D.Tex.1966) and Bodzin v. Regal Accessories, Inc., 437 S.W.2d 655 (Tex.Civ.App.1969 ref. n. r. e.). The defendant is perfectly correct in its assertions, as far as they go. The Fifth Circuit has recently, however, made clear in two definitive decisions the questions to be decided when a court considers the jurisdiction over a defendant under the Texas Long Arm Statute, Art. 2031b, V.A.T.S. *Cf.* Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228 (5th Cir. 1973) and Product Promotions, Inc. v. Cousteau, 495 F.2d 483 (5th Cir., filed June 6, 1974).

First, the court must determine whether the law of the state in which the federal court sits confers jurisdiction over the person of the nonresident defendants. If that is found, then the court must determine whether the exercise of jurisdiction under the state law comports with basic due process requirements in the United States Constitution. *Product Promotions, supra; Jetco, supra.*

As *Product Promotions, supra* at 491, points out, in order to establish that the court has jurisdiction over the defendant, the plaintiff must first present prima facie evidence that "(1) a contract to be performed in whole or in part within Texas existed between itself and appellees and (2) the present suit arose out of that contractual arrangement."

■ The plaintiff has alleged and the defendant has not disputed that the telephone orders made to the defendant were subsequently confirmed by written agreements on the defendant's printed forms which were titled "Contract." These forms were mailed to Texas for execution by the plaintiff. After they were executed they were returned by mail to New York or Miami. At that time the defendant directed the cargo to be off-loaded in Houston. The plaintiff's further contention is that at the time the cargo was off-loaded the cargo still belonged to the defendant and that the plaintiff did not receive the legal title until it exchanged sight draft for the delivery tickets, customs clearance and other papers necessary to land the cargo. Finally, it asserts that the defendant assumed ownership and control of the disputed nails in Houston when it arranged for the sale of the nails to third parties. The court believes that it is unnecessary to go into the question of legal title and control over the cargo since there is no dispute that a series of contracts existed between the two parties and that part of the performance of the contracts was to occur in Texas since that was the place at which the cargo was to be off-loaded. The court does not believe that it could be seriously contended that the contract in question was not to be performed in part within Texas.

There is also no serious question that the present suit arose out of the contractual arrangement between plaintiff and defendant. Consequently, the Texas Long Arm Statute, Art. 2031b has been satisfied.

## DUE PROCESS

■ The Fifth Circuit in *Products Promotions, supra* at 494, quoting 2 Moore's Federal Practice, n. 16, ¶ 4.-25[5] at 1171–72 (2d Ed. 1974), sets out "a dual test for determining whether a court may take jurisdiction without depriving a defendant of due process of law."

(1) "[T]here must be some minimum contact with the state which results

from an affirmative act of the defendant."

(2) "[I]t must be fair and reasonable to require the defendant to come into the state and defend the action."

■ In satisfying the first prong of the dual test the plaintiff must show that some activity by the defendant occurred in the state, but there need not be a great deal of activity. *Product Promotions, supra* at 495. The court belives that entering into the contract which was to be performed in part in Texas is sufficient to satisfy the first prong.

■ The second test merely requires that "it must not be unfair or unreasonable to require the nonresident to defend the suit in the forum." *Product Promotions, supra* at 497. *Product Promotions* goes on to say that no particular factor controls the answer to the question but that the courts must consider "such things as the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and basic equities." *Product Promotions, supra* at 498. Since the plaintiff is a Texas corporation and the contract was to be performed in part in Texas, the state certainly has an interest in providing a forum for this suit. Of course it is inconvenient for the defendant to be required to defend the suit in Texas but not so inconvenient that the court can say that it is basically unfair to require it to do so. Finally, the court can find no equitable reason why the defendant should be relieved from the in personam jurisdiction of a Texas court.

Accordingly, defendant's motion to dismiss for lack of in personam jurisdiction will be and the same is hereby denied. The arbitration proceedings having been stayed, the defendant is directed to answer and the case will be set for trial. This order involves a controlling question of law as to which there is substantial grounds for difference of opinion and an immediate appeal from this order may materially advance the ultimate determination of this litigation.