## No. 26953

**Merrill Lynch, Pierce, Fenner & Smith, Inc. v. District Court in and for the County of El Paso, and the Honorable George M. Gibson, one of the judges of said court**

(545 P.2d 1035)

Decided February 2, 1976.

Holme Roberts & Owen, James T. Flynn, Richard R. Young, for petitioner.

Cole, Hecox, Tolley, Edwards & Hero, John Sabo, III, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in the nature of a writ of prohibition. A rule to show cause was issued by this court, and we now make the rule absolute.

James G. Bryant brought an action in the district court in and for the County of El Paso against petitioners Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter "Merrill Lynch"), to recover $5,500 in compensation for services rendered as an account executive on behalf of Merrill Lynch. Bryant alleges a right to recover from Merrill Lynch based upon that company's practice of paying its account executives on a basis of approximately 25% of the sales they produce, and on the theories of *quantum meruit* and unjust enrichment.

In response to the complaint filed by Bryant, Merrill Lynch filed a motion to dismiss for lack of jurisdiction and, in the alternative, to stay the proceedings asserting that an agreement between the parties required that all controversies arising out of the employment of Bryant be resolved by arbitration.

Merrill Lynch was a member firm of the New York Stock Exchange (hereinafter "the Exchange"), and Bryant was a registered representative but a non-member of the Exchange. Bryant and Merrill Lynch executed a document denominated "Application [to the Exchange] for Approval of Employment." The portion of this application which was signed by Bryant contained the following provision:

"I agree that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment or the termination of my employment shall be settled by arbitration *at the instance of any such party* in accordance with the arbitration procedure prescribed in the Constitution and rules then obtaining of the New York Stock Exchange, Inc." (Emphasis added)

Section 1 of Article VIII of the constitution of the Exchange provides as follows:

"Any controversy between parties who are members, allied members, member firms or member corporations shall, at the instance of any such party, and any controversy between a non-member and a member or allied member or member firm or member corporation arising out of the business of such member, allied member, member firm or member corporation * * * shall, *at the instance of such non-member,* be submitted for arbitration, *in accordance with the provisions of the Constitution and the Rules of the Board of Directors.*" (Emphasis added)

Furthermore, rule 347(b) of the Exchange states as follows:

"Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, *at the instance of any such party* in accordance with the arbitration procedure prescribed elsewhere in these Rules." (Emphasis added)

The court ruled that the above quoted constitutional provision was clear in stating that the arbitration could be invoked only by a non-member (Bryant), not by the member firm (Merrill Lynch), and that Merrill Lynch, therefore, could not require arbitration proceedings. The court's order did not mention rule 347(b). The court ruled in favor of Bryant; *i.e.*, it required the case to proceed. As contended by petitioner, we hold that adjudication of the controversy between the parties must be resolved by arbitration, and that the district court is without jurisdiction in the case.

## I.

Respondents (acting through Bryant's attorneys) argue: that the document submitted to the Exchange does not require Bryant to institute arbitration proceedings, but merely requires that controversies arising out of his employment shall be settled in accordance with the procedures prescribed in the constitution and rules of the Exchange; that the agreement itself cannot amend or change the Exchange's constitution; that, since the constitution provides for arbitration of controversies only at the instance of non-members, a non-member cannot be forced to institute arbitration proceedings; and that the court did not, and could not consider rule 347(b) because Merrill Lynch failed to provide the court with it.

There was no evidentiary record. Both the Exchange's constitutional provision and rule 347(b) came from the briefs. The court had the rule before it in the same manner as it had the constitutional provision.

■ The fundamental proposition in this matter is that Bryant, in the document submitted to the Exchange, agreed to arbitrate any dispute arising out of the employment. The rules were to be as prescribed by the Exchange. The fact that the Exchange's constitution did not provide for arbitration at the behest of a non-member, does not defeat Bryant's agreement to arbitrate, particularly, in the light of rule 347(b).

Rule 347(b) provides for arbitration at the instance of either the member or the non-member. This rule simply requires that a special class of non-members (registered representatives) in a particular type of controversy (employment disputes) agree to exercise the right to elect to arbitrate which is granted by the constitution. This is not inconsistent with the constitution; nor are the two provisions ambiguous, requiring rules of construction to come into play.

The respondent judge, in reaching the conclusion that the non-member could not be forced to arbitrate, placed reliance on *Newman v. Shearson, Hammill & Co., Inc.*, 383 F. Supp. 265 (W.D. Tex. 1974), which concerned a controversy between a customer and a member of the New York Stock Exchange. That case held that "an agreement to arbitrate controversies concerning alleged violations of the federal securities laws is invalid and unenforceable under those Acts." Here, no violation of the federal securities laws has been claimed by Bryant nor was he a customer of the petitioner. This is purely an employment dispute, and we are not advised of any reason why it cannot be arbitrated under Bryant's agreement and the provisions of the constitution and rules of the Exchange.

In *Ayres v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 353 F. Supp. 1084 (E.D. Pa. 1973), a former registered representative of the New York Stock Exchange sued a defendant member of the Exchange, alleging violations of the federal securities laws. The court held, however, that the matters in dispute (ownership of stock) arose solely out of the plaintiff's employment relationship with the defendant. Because of this fact, the plaintiff's agreement to arbitrate was binding and enforceable. *See also, Moritz v. Frances I. du Pont & Co.*, 291 Minn. 523, 189 N.W.2d 487 (1971).

## II.

It is argued that arbitration should not be required since this was an adhesion contract. Bryant asserted to the district court that, since the agreement to arbitrate was submitted to him on a "take it or leave it" basis, it should be construed against Merrill Lynch. Registered representatives are apparently given no opportunity to negotiate with the Exchange or its members over the content of its rules.

The rules of the Exchange have been submitted to and approved by the Securities and Exchange Commission as a condition to registration of the Exchange under the Securities Exchange Act of 1934. 15 U.S.C. § 78a, *et seq.* (1970). Bryant chose to make his living in a highly regulated industry. One consequence of that choice is that he agree to be bound by the rules and regulations governing that profession. In *Rust v. Drexel Firestone, Inc.*, 352 F. Supp. 715 (S.D. N.Y. 1972) the court specifically held that a registered representative's agreement to arbitrate disputes regarding termination of employment was valid and enforceabe and not a

contract of adhesion. We cannot say that the arbitration clause in the agreement is oppressive or offensive, and we hold that it does not constitute an adhesion contract.

## III.

■ The last major contention of respondents is that Merrill Lynch waived its right of arbitration in that it failed to institute the arbitration proceedings in a timely manner, waiting until Bryant filed his complaint in district court. We cannot agree. Bryant is in the position of claimant in this dispute. He must make the demand in the proper forum, before any relief can be expected. The case relied upon by Bryant, *Southwest Industries Import & Export, Inc. v. Wilmod Co., Inc.*, 382 F. Supp. 972 (S.D. Tex. 1974) involved a *claimant* who failed to initiate arbitration in a timely manner. Reliance on this case is inappropriate.

Further, prior to the filing of the suit and during correspondence concerning settlement, Merrill Lynch called Bryant's attention to the arbitration requirement.

The rule is made absolute, with directions to dismiss the complaint or stay proceedings pending completion of arbitration, whichever may be appropriate.

MR. CHIEF JUSTICE PRINGLE does not participate.