Arnold KATZ, Plaintiff,

v.

SHEARSON HAYDEN STONE, INC., Defendant.

No. 77 Civ. 791.

United States District Court, S. D. New York.

June 18, 1977.

Burns, Van Kirk, Greene & Kafer, New York City, for plaintiff, by William D. Greene, Bernard M. Althoff, Paul N. Sternbach, Sam Radin, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendant, by William T. Sullivan, Frederick L. McKnight, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, a former officer and employee of defendant, a member firm of the New York Stock Exchange ("NYSE") and the National Association of Securities Dealers ("NASD"), commenced this diversity action for indemnity pursuant to Section 145(c) of the Delaware General Corporation Law, and to Article XVI of defendant's Certificate of Incorporation, for attorneys' fees and expenses incurred as a result of his defense of an action brought against the parties alleging various securities frauds and resulting in a defendant's verdict.

Defendant has moved, pursuant to 9 U.S.C. § 3, to stay this action until arbitration can be had in accordance with either the Code of Arbitration Procedure of NASD or the Constitution and Rules of the NYSE, and has indicated its readiness, willingness and ability to proceed with arbitration. This willingness was purportedly conveyed to plaintiff's counsel by demands via letter and telephone prior to the making of this motion.

Plaintiff has opposed the stay on the grounds of inapplicability of the NASD provisions, non-arbitrability of its claim under the NYSE Rules, invalidity of the agreement to arbitrate, and waiver of defendant's right to arbitrate; and has cross-moved for summary judgment.

Plaintiff disputes ever having registered with the NASD so as to bind him to arbitration before that body, and no NASD registration or agreement has been produced. However, plaintiff does concede the execution of an agreement providing for arbitration under the rules of the NYSE, and it is on that agreement that this opinion will focus.

Rule 345 of the NYSE requires all prospective registered representatives—and plaintiff was such a representative when employed by defendant—to execute and file with the NYSE an application for employment countersigned by the member employer. This application contains an arbitration provision in paragraph 31(j) which states:

> [Employee] agree[s] that any controversy between me and any member or member organization arising out of my employment or the termination of any employment by and with such member or member organization shall be settled by arbitration at the instance of any such party in accordance with the Constitution and rules then obtaining of the New York Stock Exchange.

Rule 347(b) of the NYSE likewise provides:

> Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, . . .

Under paragraph 30(d) of the application, the applicant-employee expressly agrees to abide by the Constitution and Rules of the NYSE, which pledge encompasses adherence to Rule 347.

■ Plaintiff completed such an application known as Form RE–1, on February 25, 1964, when he commenced employment as a representative with defendant, and defendant executed the application on March 2 of that year. Unless plaintiff's position is sustained, the arbitration provisions in issue are enforceable under the United States Arbitration Act, 9 U.S.C. § 2 as "evidencing a transaction involving commerce" or, since this is a diversity suit, under New York Law. N.Y.C.P.L.R. § 7501.[1] *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1955); *Rust v. Drexel Firestone, Inc.*, 352 F.Supp. 715 (S.D.N.Y.1972).

■ Plaintiff's objection relating to the arbitrability of his claim is multi-faceted. He contends initially that under Article VIII § 1 of the NYSE Constitution, arbitration of disputes between member firms and non-members is available only at the instance of a non-member, and since plaintiff did not seek arbitration, defendant has no authority to do so. The NYSE rules, however, expressly provide for arbitration at the instance of either party; Rule 481, which governs initiation of arbitration proceedings, expressly differentiates between arbitration sought pursuant to the Constitution and initiated by a non-member, and that which may be "instituted by either party" under an agreement to arbitrate disputes in accordance with NYSE procedure.[2] Since plaintiff has consented in Form RE–1 to be bound not only by the Constitution, but also by the Rules and the arbitration provision of paragraph 31(j), his contention is without merit.

■ Plaintiff next maintains that his indemnification claim is without the scope of the arbitration agreement since it does not "aris[e] out of [his] employment" with defendant as mandated by paragraph 31(j) and Rule 347(b). However, plaintiff would have me recognize his employment nexus for the purposes of his indemnity claim, for that claim exists solely by virtue of his employment by defendant. 8 Del.Code § 145(c). Plaintiff cannot have it both ways; consequently, it appears that "arising out of" his employment is sufficiently broad a standard to encompass this claim.

■ Plaintiff additionally asserts that the fact that defendant has raised legal defenses to the indemnity claim and that the claim is rooted in statutorily created rights preclude its arbitrability. Neither objection, however, is an absolute bar to

---

1. Plaintiff's assertion that Delaware law controls the state law prong of this issue is erroneous. Both the right to arbitration and the conflict of law question relating thereto are to be determined by reference to New York law. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under New York conflicts law, arbitration is a remedial right governed by the law of the forum. *Matter of Gantt (Hurtado & Cia.)*, 297 N.Y. 433, 439, 79 N.E.2d 815 (1948); *I. S. Joseph Co., Inc. v. Toufic Aris & Fils*, 54 A.D.2d 665, 388 N.Y.S.2d 1 (1st Dept. 1976). Thus, New York law controls.

2. Rule 481 provides in part:

A member, a member organization, a participant in a member organization, or a non-member who wishes to institute proceedings pursuant to the provisions of Article VIII of the Constitution against any such person or organization shall file with the Arbitration Director a concise statement of claim or controversy.

Where the parties to a controversy have previously entered into an agreement to arbitrate future disputes in accordance with the procedure of the Exchange, or a court has issued an order directing such an arbitration, proceedings may be instituted by either party filing with the Arbitration Director a concise statement of claim or controversy, together with a copy of agreement providing for arbitration or court order and moving papers.

arbitration under the Federal Arbitration Act. *See, e. g., Fallick v. Kehr*, 369 F.2d 899 (2d Cir. 1966).

■ It is recognized, however, that certain claims are by their very nature inappropriate for resolution by arbitration. Among these are antitrust and securities claims which are deemed to be inbued with strong public interest and protective public policy considerations. *See generally, Allegaert v. Perot*, 548 F.2d 432 (2d Cir. 1977). Plaintiff contends that the public policy embodied in the Delaware corporation law providing for indemnification precludes submission of the claim to arbitration. Yet, I am not here presented with a claim involving fraud nor industry-wide practices which may tend to ensnare an unsuspecting public. *See Greater Continental Corp. v. Schechter*, 422 F.2d 1100, 1103 (2d Cir. 1970); *American Safety Equipment Corp. v. J. P. Maguire & Co.*, 391 F.2d 821, 825–29 (2d Cir. 1968). As plaintiff has himself pointed out, the Delaware indemnification provision is aimed not at the protection of public interests, but rather at the promotion, and preservation of the private interests of corporate management.

■ However, this is not a motion to compel arbitration; thus the meaning and scope of the arbitration provision, as well as the arbitrability of the claim, are not matters in issue. The only issue before me is whether the action should be stayed so that arbitration can be sought. The other questions are, in the first instance, ones for the arbitrators. *Societe Nationale Pour La Recherche, La Production, Le Transport, La Transformation et La Commercialisation des Hydrocarbures (SONATRACH) v. General Tire and Rubber Co.*, 430 F.Supp. 1332 (S.D.N.Y.1977); *Pearl Street Development Corp. v. Conduit and Foundation Corp.*, 41 N.Y.2d 167, 391 N.Y.S.2d 98, 359 N.E.2d 693 (1976). The proper scope of my inquiry at this point is limited to the validity of the agreement to arbitrate. *See Prima Paint v. Flood & Conklin*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *SONATRACH v. General Tire & Rubber, supra.*

■ Plaintiff disputes the validity of the arbitration provisions, arguing that Form RE–1 is a contract of adhesion foisted upon him without choice by a party of superior bargaining power. This contention was pressed and rejected in *Rust v. Drexel Firestone, Inc.*, 352 F.Supp. 715 (S.D.N.Y.1972) after full examination of the identical arbitration provisions and underlying judicial and NYSE policies involved. Since I am in agreement with Judge Weinfeld's analysis in that case, little else needs be said on the issue.[3]

■ Lastly, plaintiff asserts that defendant has waived its right to arbitrate by engaging in dilatory tactics and filing an answer asserting counterclaims to which issue has been joined. Although defendant might have acted sooner, it did request an extension of its time to answer and applied for an order to show cause why the action should not be stayed so that arbitration could be sought, albeit on the last day of the allowable time to respond to the complaint. I denied the extension and application and ordered defendant to answer and it was under that compulsion that defendant proceeded to preserve its rights in the manner it did. Under the circumstances, it cannot be said that "dilatory tactics" were engaged in. The instant motion was filed on March 15, 1977. Although plaintiff asserts that issue was joined on the counterclaims prior to that time, his reply was mailed on March 14, 1977. Obviously, defendant could not have received the reply by the time the motion was filed.

---

**3.** Plaintiff attempts to distinguish *Rust* on the ground that his underlying claim is based upon statute. In his view,

[t]he Court in *Rust* drew an express distinction between "self-regulatory function of the Exchange . . . in resisting a claim grounded upon the nebulous common law concept of duress . . . ." and the instance of a claim based upon statutory law

"whose enforcement is in the public interest." 352 F.Supp. at 718.
This distinction, however, is not borne out by a close reading of that case, since the quoted language refers not to any statutory claim but to an "antitrust claim based upon federal statutory law whose enforcement is in the public interest." 352 F.Supp. at 718.

The mere filing of an answer asserting counterclaims does not necessarily constitute a waiver, particularly where discovery has not been sought. *See, Bigge Crane & Rigging Co. v. Docutel Corp.*, 371 F.Supp. 240 (E.D.N.Y.1973); *De Sapio v. Kohlmeyer*, 35 N.Y.2d 402, 362 N.Y.S.2d 843, 321 N.E.2d 770 (1974). Defendant has consistently maintained its position that arbitration be sought, and has even asserted arbitration as an affirmative defense in its answer after unsuccessfully seeking a stay by order to show cause. On the basis of this record clearly manifesting an intent to seek a stay so that arbitration can be had, I cannot say that defendant has waived its right to do so.

In any event, this Court has the inherent power to stay an action pending arbitration where the party seeking the stay can demonstrate that he will not hinder the arbitration; that the arbitration will be concluded within a reasonable time; and that the delay will not work an undue hardship on the opposition. *See Nederlandse Erts-Tankersmaatschappij, N.Y. v. Isbrandtsen Co.*, 339 F.2d 440, 442 (2d Cir. 1964), *SONATRACH v. General Tire and Rubber Co., supra.* Defendant has represented its readiness, willingness and ability to seek arbitration; I have no reason to doubt that it will assist in a speedy disposition in that forum. I do not perceive any undue hardship, nor has plaintiff asserted prejudice, as a result of having arbitrators resolve his claim.

Accordingly, the motion to stay this action so that arbitration may be sought is granted. To insure against any unreasonable delay, plaintiff may move to vacate the stay should arbitration not be completed within six months. *See SONATRACH v. General Tire & Rubber Co., supra.* If such is the case, plaintiff's motion for summary judgment, rendered moot by the stay, may be renewed at that time.

This case will be placed on the suspense calendar for six months.

SO ORDERED.