## No. 28260

**Paul E. Youmans, Harry T. Buchenau, William B. Harvey, George B. Fisher, Investment Advisors, Inc., a foreign corporation, and Bosworth, Sullivan & Company, Inc., a Colorado corporation v. The District Court in and for the County of Denver, State of Colorado, and The Honorable Mitchel B. Johns, one of the Judges thereof**

(589 P.2d 487)

Decided January 22, 1979.

Alperstein, Plaut and Snead, a Professional Corporation, Arnold Alperstein, Ronald C. Forman, for petitioners.

Yegge, Hall & Evans, John D. Phillips, Jr., for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding in which petitioners seek to prohibit further proceedings in the district court pending arbitration. We issued a rule to show cause and now make the rule absolute.

Hudson Moore, a registered representative but a non-member of the New York Stock Exchange (NYSE), brought an action in the Denver District Court against petitioners. Moore sought to recover damages on his claims for alleged failure to pay commissions owed him, conspiracy to withhold those commissions and to induce a breach of contract and termination of employment, refusal to pay vested benefits under a profit-sharing plan, confiscation of business records, unfair competition, intentional infliction of emotional distress, and physical injuries resulting therefrom.

In response, petitioner Bosworth, Sullivan & Company, Inc., a member of the NYSE, and the individual petitioners filed a motion to stay proceedings and to compel arbitration. In addition, petitioner Investment Advisors, Inc. filed a motion to stay proceedings and to compel arbitration. In addition, petitioner Investment Advisors, Inc. filed a motion to stay proceedings against it until a determination was rendered regarding whether the dispute between Moore and the other petitioners was subject to arbitration. The district court denied the motions of all petitioners.

The question before us is whether a member of the NYSE can compel a non-member registered representative of the NYSE to arbitrate a controversy between them arising out of the employment or termination of employment of the registered representative by the member. We answer affirmatively.

Crucial to our determination is the interaction between Rule 347 of the NYSE and the Constitution of the NYSE. Section 1 of Article VIII of the Constitution provides:

"Any controversy between parties who are members, allied members, member firms or member corporations shall, at the instance of any such party, *and any controversy between a non-member and a member or allied member or member firm or member corporation* arising out of the business of such member, allied member, member firm or member corporation, or the dissolution of a member firm or member corporation, shall, *at the instance of such non-member,* be submitted for arbitration

in accordance with the provisions of the Constitution and the rules of the Board of Directors." (Emphasis added.)

Rule 347 provides:

"Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, *at the instance of any such party,* in accordance with the arbitration procedure prescribed elsewhere in these rules." (Emphasis added.)

The district court held that the Constitution's provision requiring arbitration "at the instance of such non-member" protects a non-member from compulsory arbitration upon demand of a member. Rule 347, in the view of the district court, conflicts with the Constitution and is therefore void because it allows for arbitration of a controversy between a non-member registered representative and a member at the instance of a member. We do not agree with the district court's interpretation when, as here, the registered representative agreed to abide by the rule.

Moore signed an application for approval of employment which contained the following agreement:

"I am familiar with the constitution, rules, regulations and practices of the New York Stock Exchange, and I agree to abide by such constitution, *rules,* regulations and practices as the same have been *or shall be from time to time amended."* (Emphasis added.)

Moore contends that because he signed the application for approval of employment prior to the adoption of Rule 347 he is not bound thereby. We do not agree. *See Ayres v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 538 F.2d 532, (3rd Cir. 1976); *Moritz v. Francis I. duPont & Co.,* 291 Minn. 523, 189 N.W.2d 487 (1971).

A similar situation was before this court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. District Court,* 190 Colo. 239, 545 P.2d 1035 (1976), where it was stated:

"Rule 347(b) provides for arbitration at the instance of either the member or the non-member. This rule simply requires that a special class of non-members (registered representatives) in a particular type of controversy (employment disputes) agree to exercise the right to elect to arbitrate which is granted by the constitution. This is not inconsistent with the constitution; nor are the two provisions ambiguous, requiring rules of construction to come into play."

By agreeing to abide by the rule, as Moore has done in his application for approval of employment, he waived his protection against arbitration at the instance of a member.

Moore's agreement to abide by a rule providing for arbitration at the instance of either party is essentially no different than the specific agreements executed by registered representatives to arbitrate

controversies with members, which have been upheld by many courts. *See Drayer v. Krasner,* 572 F.2d 348 (2nd Cir. 1978); *Dickstein v. duPont,* 443 F.2d 783 (1st Cir. 1971); *Katz v. Shearson Hayden Stone, Inc.,* 438 F. Supp. 637 (S.D.N.Y. 1977); *Rust v. Drexel Firestone Inc.,* 352 F. Supp. 715 (S.D.N.Y. 1972); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. District Court, supra; Crawford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 35 N.Y.2d 291, 319 N.E.2d 408, 361 N.Y.S.2d 140 (1974).

We hold, therefore, that the controversy between petitioner Bosworth, Sullivan & Company, Inc., a member of the NYSE, and Hudson Moore, a non-member registered representative, is subject to arbitration. Accordingly, the district court is directed to stay proceedings with regard to petitioner Bosworth, Sullivan & Company, Inc., pending completion of arbitration between Bosworth, Sullivan & Company, Inc. and plaintiff Moore.

The individual petitioners, although non-members of the NYSE, urge that the claims against them also should be arbitrated because they, being employees of Bosworth, Sullivan & Company, Inc., were acting as alter egos of a member. We find no merit to this contention. There is no provision of the NYSE Constitution nor any rule which provides for arbitration between non-members. Rule 347 speaks only to controversies between a registered representative and a member.

Our holding that the individual non-member petitioners cannot compel arbitration of their controversy with Hudson Moore, however, does not dictate that the district court must forthwith proceed with the case against them. We recognize that the claims against the individual petitioners, as well as the claims against Investment Advisors, Inc., arise from the same set of operative facts as the claims against Bosworth, Sullivan & Company, Inc. Under the inherent equity power of the district court, the action against the individual petitioners and Investment Advisors, Inc. should be stayed pending the outcome of the arbitration against Bosworth, Sullivan & Company, Inc. *See Sam Reisfeld & Son Import Company v. S.A. Eteco,* 530 F.2d 679 (5th Cir. 1976); *Lawson Fabrics, Inc. v. Akzona, Incorporated,* 355 F. Supp. 1146 (S.D.N.Y. 1973); *Tepper Realty Company v. Mosaic Tile Company,* 259 F. Supp. 688 (S.D.N.Y. 1966); *United States v. Continental Casualty Company,* 214 F. Supp. 949 (D. Puerto Rico 1963).

Petitioners' and respondents' arguments regarding which claims are properly subject to arbitration are inappropriate because the scope of the arbitration provision is, in the first instance, for the arbitrators. *Katz v. Shearson Hayden Stone, Inc.,* 438 F. Supp 637 (S.D.N.Y. 1977).

Finally, we reject respondents' argument regarding the possible partiality of the arbitration panel. *Drayer v. Krasner,* 572 F.2d 348 (2nd Cir. 1978).

The rule is made absolute.
MR. JUSTICE CARRIGAN does not participate.