WHITE–WELD & COMPANY, INCORPORATED, Appellant;

v.

James C. MOSSER, Appellee.

No. 19836.

Court of Civil Appeals of Texas, Dallas.

Aug. 13, 1979.

Rehearing Denied Sept. 17, 1979.

**486**

John Andrew Martin, William G. Milne, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellant.

David Watkins, Jenkins & Watkins, Inc., Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This is an appeal by White-Weld & Company, a member of the New York Stock Exchange, from an adverse judgment obtained against it by a former employee, appellee Mosser. The principal question on appeal is whether the trial judge erred in refusing to abate the suit pending arbitration pursuant to a written agreement between the parties to arbitrate. We hold that the trial judge erred in refusing to abate the suit pending arbitration. Accordingly, we reverse the judgment and remand with instructions.

Mosser filed suit against White-Weld claiming that it owed him commissions that he had earned while employed by White-Weld. Mosser had sold government bonds in several states for White-Weld. In response to Mosser's petition, White-Weld filed a motion to stay pending arbitration. White-Weld's motion to stay rested upon a written contract between the parties which provided that all controversies arising out of Mosser's employment would be settled by arbitration. The trial judge overruled White-Weld's motion to stay pending arbitration and ordered the parties to trial, at which Mosser was granted judgment against White-Weld.

White-Weld's motion to stay pending arbitration was based upon the following arbitration clause:

I agree that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment or the termination of my employment shall be settled by arbitration at the instance of any such party in accordance with the arbitration procedure prescribed in the Constitution and Rules then obtaining of the New York Stock Exchange, Inc.

This clause appears in an application for employment that both Mosser and a representative of White-Weld signed when Mosser commenced work for White-Weld. This application for employment is referred to as Form U–4 and is supplied by the New York Stock Exchange. The form contains, in addition to the above arbitration clause, various covenants and ethical considerations which a registered representative of the New York Stock Exchange, such as Mosser, agrees to abide by. Apart from Form U–4, Mosser had an oral employment contract with White-Weld concerning his financial compensation. Mosser's suit against White-Weld stems from the parties' disagreement as to the manner in which his commissions were to be computed under the oral contract.

On appeal, White-Weld argues that the arbitration clause is binding on Mosser, and the trial judge erred in not following the provisions of the Federal Arbitration Act, 9

U.S.C. §§ 1–14 (1976). Specifically, sections two and three of the Act provide:

2. *A written provision in* any maritime transaction or *a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction,* or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, *shall be valid, irrevocable, and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract. [Emphasis added].

3. If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court* in which such suit is pending, *upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,* providing the applicant for the stay is not in default in proceeding with such arbitration. [Emphasis added].

White-Weld contends that according to section three, the trial judge was required to grant its motion to stay pending arbitration.

Mosser, on the other hand, argues that the trial judge correctly overruled White-Weld's motion to stay pending arbitration. First, Mosser contends that the subject matter of this suit, the method of computing commissions under his oral employment contract with White-Weld, is not covered by the arbitration clause. Second, Mosser contends that the employment contract does not involve commerce so as to fall within 9 U.S.C. § 2 (1976). Third, Mosser argues that he falls within the exemption of a worker engaged in interstate commerce under 9 U.S.C. § 1 (1976), which provides that the Act shall not apply to "workers engaged in foreign or interstate commerce." Fourth, Mosser claims that Form U–4 is a contract of adhesion and that this court should not enforce an arbitration clause contained in such a one-sided agreement. We overrule all of Mosser's contentions because substantially the same arguments have been rejected by other courts in cases involving similar New York Stock Exchange arbitration clauses.

■ In *Dickstein v. du Pont,* 320 F.Supp. 150 (D.Mass.1970), *aff'd,* 443 F.2d 783 (1st Cir. 1971), an employee of a brokerage firm sued the firm for a finder's fee because he helped secure a new client for the firm. The Circuit Court of Appeals first held that the arbitration clause in that case, which is the same clause that appears in Mosser's employment application, compelled the employee to submit his claim for compensation to arbitration. The court also ruled that "the creation of an employment relationship which involves commerce is a sufficient 'transaction' to fall within section 2 of the Act." 443 F.2d at 785. In addition, the court held that the employee was not exempt under 9 U.S.C. § 1 (1976) because the federal courts have construed this section to be limited to persons actually engaged in the movement of goods in interstate commerce. 443 F.2d at 785. This case, therefore, disposes of Mosser's first three arguments. *See Legg, Mason & Co., Inc. v. Mackall & Coe, Inc.,* 351 F.Supp. 1367 (D.D.C.1972); *Youmans v. District Court,* 589 P.2d 487 (Colo.1979) (en banc). Likewise, Mosser's contention that the employment application is a contract of adhesion has also been rejected. *Katz v. Shearson Hayden Stone, Inc.,* 438 F.Supp. 637, 641 (S.D.N.Y.1977); *Rust v. Drexel Firestone, Inc.,* 352 F.Supp. 715, 718 (S.D.N.Y.1972).

■ Next, Mosser argues that although similar arbitration clauses may have been enforced by federal courts, state courts should not enforce them because the Federal Arbitration Act was not intended to replace a state's law concerning the enforceability of arbitration clauses. We cannot

agree. Our prior opinion in *Mamlin v. Susan Thomas, Inc.*, 490 S.W.2d 634 (Tex.Civ. App.-Dallas 1973, no writ), resolves this argument because that case held that arbitration clauses falling within the Federal Arbitration Act will be enforced by Texas courts. *See generally, Youmans v. District Court*, 589 P.2d 487 (Colo.1979) (en banc); *Episcopal Housing Corp. v. Federal Insurance Co.*, 269 S.C. 631, 239 S.E.2d 647 (1977); *Miller v. Puritan Fashions Corp.*, 516 S.W.2d 234 (Tex.Civ.App.-Waco 1974, writ ref'd n.r.e.).

■ Finally, Mosser contends that White-Weld has made no demand for arbitration and does not want arbitration. Obviously, White-Weld desires arbitration as evidenced by its motion to stay in the trial court and by its point of error in this court on that ground. With respect to making a formal demand for arbitration, 9 U.S.C. § 3 (1976) does not require a party to make an actual demand for arbitration as a condition precedent to filing and obtaining a motion to stay. To remedy any potential delay tactics, however, the trial judge may impose a reasonable time limit on the parties in which to complete arbitration. *See Katz v. Shearson Hayden Stone, Inc.*, 438 F.Supp. 637, 642 (S.D.N.Y.1977); *Legg, Mason & Co., Inc. v. Mackall & Coe, Inc.*, 351 F.Supp. 1367, 1372 (D.D.C.1972).

Accordingly, the judgment is reversed and this cause is remanded to the trial court, with instructions that the trial judge shall abate this proceeding and afford the parties a reasonable period of time in which to proceed to arbitration in accordance with their contract.