MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware corporation, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Clifton A. Flowers, One of the Judges Thereof, Respondents.

No. 83SA343.

Supreme Court of Colorado, En Banc.

Dec. 5, 1983.

Weinshienk, Miller, Borus & Permut, James L. Kurtz-Phelan, H. Michael Miller, Denver, for petitioner.

Roath & Brega, P.C., Charles F. Brega, Stuart N. Bennett, Denver, for respondents.

ERICKSON, Chief Justice.

This original proceeding seeks relief in the nature of mandamus. C.A.R. 21. The issue presented is whether the district court has the authority to grant preliminary injunctive relief to maintain the status quo in order to preserve the underlying dispute for arbitration. We issued a rule to show cause and now make the rule absolute.

I.

On May 4, 1981, defendant, Douglas M. Reilly (Reilly), in consideration of his being employed and trained by Merrill Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch) as a securities broker, signed an Account Executive Training Agreement (Agreement). The Agreement provided that all records of Merrill Lynch were confi-

dential information and were not to be transmitted verbally or in writing by Reilly except in the ordinary course of conducting business for Merrill Lynch.[1] The Agreement included in addition a clause which provided that if Reilly's services were terminated, Reilly would not, for any reason, solicit the clients of Merrill Lynch for a period of one year.[2]

On Friday, July 29, 1983, Reilly terminated his employment with Merrill Lynch and demanded arbitration of the dispute pursuant to the rules of the New York Stock Exchange.[3] On the following Monday, Reilly accepted employment as an account executive with Prudential-Bache Securities, Inc. (Prudential).

Merrill Lynch filed its complaint on Monday, August 9, 1983, in Denver District Court seeking a temporary restraining order, preliminary injunction, permanent injunction, and damages. At the August 9, 1983 hearing, the district court found that

1. Paragraph 1 of the Agreement provides:
   "All records of Merrill Lynch, including the names and addresses of its clients, are and shall remain the property of Merrill Lynch at all times during my employment with Merrill Lynch and after termination of my employment for any reason with Merrill Lynch. None of said records nor any part of them is to be removed by me from the premises of Merrill Lynch either in original form or in duplicated or copied form, and the names, addresses, and other facts in such records are not to be transmitted verbally or in writing by me except in the ordinary course of conducting business for Merrill Lynch. All of said records or any part of them are the sole proprietary information of Merrill Lynch and shall be treated by me as confidential information of Merrill Lynch."

2. Paragraph 2 of the Agreement provides:
   "In the event of termination of my services with Merrill Lynch for any reason, I will not solicit, for a period of one year from the date of termination of my employment in any community or city served by the office of Merrill Lynch, or any subsidiary thereof, at which I was employed at any time, any of the clients of Merrill Lynch whom I served or whose names became known to me while in the employ of Merrill Lynch. In the event that any of the provisions contained in this paragraph and/or paragraph (1) above are violated I understand that I will be liable to

Merrill Lynch for any damage caused thereby."

3. Reilly's letter of termination provides:
   "July 29, 1983
   Merrill Lynch
   Pierce Fenner & Smith Incorporated
   1965 15th Street
   P.O. Box 7120
   Boulder, Colorado 80306
   RE: Demand for Arbitration.
   Dear Mr. Tupy:
   Effective this morning, I resign my position in the Boulder Branch office of Merrill Lynch. It is my understanding that Merrill Lynch disputes my right to continue my business relationships with the clients I currently serve. I hereby demand that any dispute in this regard, or relating in any other way to my former employment with Merrill Lynch, be resolved through arbitration proceedings pursuant to applicable New York Stock Exchange rules.
   I have retained the law firm of Roath & Brega, . . . .
   Any communications, including but not limited to any official action, on the part of Merrill Lynch relating to this matter should therefore be directed to Charles Brega of that office.
   I will expect any communications or actions by Merrill Lynch to be promptly brought to the attention of my attorneys.
   Very truly yours,
   /s/Doug M. Reilly"

the dispute between Merrill Lynch and Reilly arose out of the termination of Reilly's employment with Merrill Lynch and was subject to arbitration under New York Stock Exchange Rule 347.[4] The court further found that it lacked jurisdiction over the parties because the issue was not submitted to arbitration, and stayed all further proceedings in the action pending resolution of the underlying dispute by arbitration.

## II.

### A.

Merrill Lynch characterizes the issue in this proceeding as "whether the district court has the power to grant preliminary injunctive relief in order to maintain the status quo between the parties and *to preserve the arbitration process to resolve the dispute*." (Emphasis added.) (Petitioner's Brief in Support of Writ Pursuant to C.A.R. 21.) The respondent district court, on the other hand, contends that Merrill Lynch did not seek a temporary restraining order or preliminary injunction to maintain the status quo pending arbitration, but instead sought preliminary injunctive relief as "part and parcel to a full determination on the merits of Merrill Lynch's claim for equitable relief and money damages." In respondent's view, as set forth in the response to the rule to show cause, the issue is "[d]id the district court have jurisdiction over a *lawsuit seeking equitable relief and money damages* where the substance of the dispute between the parties was subject to binding arbitration pursuant to Rule 347 and the Constitution of the New York Stock Exchange." (Emphasis added.) We conclude that the issue before the district court and in this original proceeding is whether the district court had the authority to grant

preliminary injunctive relief to preserve the status quo pending the outcome of arbitration.

At the district court hearing, Merrill Lynch argued that the arbitration agreement under the New York Stock Exchange Rule 347 did not apply,[5] and that even if the dispute were subject to arbitration, Merrill Lynch was entitled to a temporary restraining order pending resolution of the underlying dispute by arbitration. The record indicates that Merrill Lynch's counsel stated: "Even if this matter were an issue that could be arbitrated, this court does have jurisdiction to issue injunctive relief to maintain the status quo until the arbitration can be convened and the matter resolved." In a memorandum to the court, Merrill Lynch stated in part III: "Plaintiff is, nonetheless, entitled to injunctive relief to maintain the status quo pending arbitration." In our view, the issue whether the district court has the authority to grant preliminary injunctive relief to preserve the status quo pending resolution of the underlying controversy by arbitration was properly presented to the district court and is now before us in this original proceeding.

### B.

In support of its argument that the district court lacks jurisdiction to grant preliminary injunctive relief where there is a binding and enforceable agreement to arbitrate, respondent cites a number of Colorado cases which it considers dispositive of the issue in this case.[6] However, these cases are inapposite to the issue in this case as we have characterized it and are not controlling.

4. Rule 347 provides:
"Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure described elsewhere in these rules."

5. In this original proceeding, Merrill Lynch did not contest that the underlying dispute was subject to arbitration.

6. Respondent cites, in support of its argument, *Ezell v. Rocky Mountain Bean & Elevator Co.*, 76 Colo. 409, 232 P. 680 (1925); *Zahn v. District Court*, 169 Colo. 405, 457 P.2d 387 (1969); *Merrill Lynch v. District Court*, 190 Colo. 239, 545 P.2d 1035 (1976).

In *Merrill Lynch v. District Court,* 190 Colo. 239, 545 P.2d 1035 (1976), this court addressed an issue similar, in some respects, to the issue in this case. There, plaintiff brought an action in district court to recover $5,500 in compensation from defendant, Merrill Lynch, for services rendered by plaintiff as an account executive. Merrill Lynch filed a motion to dismiss for lack of jurisdiction and, in the alternative, a motion to stay the proceedings, asserting that an agreement between the parties required that all controversies arising out of the employment of plaintiff be resolved by arbitration. In that case, we held in favor of Merrill Lynch, and stated:

"As contended by petitioner [Merrill Lynch], we hold that *adjudication of the controversy* between the parties must be resolved by arbitration, and that the district court is *without jurisdiction in the case.*"

190 Colo. at 241, 545 P.2d at 1036 (emphasis added).

Our holding in *Merrill Lynch, supra,* did not address, however, the situation where, as here, plaintiff seeks preliminary injunctive relief to maintain the status quo pending arbitration of the substantive elements of his claim for relief. In *Merrill Lynch, supra,* plaintiff sought, in effect, a judicial resolution of the matter on the merits.

### C.

The issue is one of first impression for this court. Merrill Lynch is not asking this court to fashion a rule granting district courts authority to resolve the merits of a dispute otherwise subject by agreement of the parties to arbitration. Merrill Lynch asks only that this court recognize, as other courts have recognized, the authority of district courts to grant preliminary injunctive relief to maintain the status quo between the parties pending arbitration of the dispute on the merits.

Respondent is incorrect in its view that district courts have no jurisdiction whatsoever with respect to matters which are subject to arbitration. We have recognized previously that courts have certain limited jurisdiction with respect to disputes that are subject by agreement of the parties to arbitration. For example, in *Guthrie v. Barda,* 188 Colo. 124, 533 P.2d 487 (1975), we recognized that district courts have jurisdiction to ascertain whether an arbitration clause is valid. *See also Cordillera Corp. v. Heard,* 200 Colo. 72, 612 P.2d 92 (1980) (the court can determine whether the right to arbitrate a dispute has been waived).

The fact that an action will be stayed pending the outcome of arbitration does not deprive a court of the power in the interim to preserve the status quo. *Janmort Leasing, Inc. v. Econo-Car International, Inc.,* 475 F.Supp. 1282 (E.D.N.Y. 1979). Indeed, preliminary relief is particularly appropriate where arbitration may be futile if the status quo is not preserved pending the arbitrator's determination.[7] *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064 (2d Cir.1972). The unavailability of equitable injunctive relief in the arbitration context would present, under some circumstances, a serious impediment to the state's policy favoring the voluntary establishment of a mechanism for the peaceful resolution of disputes. *Boys Markets, Inc. v. Retail Clerks Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

We hold, accordingly, that the district court has the authority to grant preliminary injunctive relief to preserve the status quo pending outcome of the arbitra-

---

7. Merrill Lynch stated in its petition for mandamus:

"If this Court does not order the District Court to conduct a hearing on Merrill Lynch's Motion for Temporary Restraining Order and Preliminary Injunction immediately, there simply will not be a dispute left to arbitrate and Merrill Lynch will have suffered irreparable harm and injury to its business, its reputation and its good will, while being deprived of its ability to proceed in arbitration to protect its interests. The arbitrator will be placed in the impossible position of attempting to quantify Merrill Lynch's unquantifiable losses as the only possible remedy in arbitration if the violation of the Agreement is a *fait accompli.*"

tion. The rule is made absolute and the cause is remanded for further proceedings.